**UNITED STATES of America,**

v.

**Christos POTAMITIS, Eddie Argitakos and Steve Argitakos, Defendants.**

No. SS 83 Cr. 68

United States District Court, S.D. New York.

May 29, 1985.

---

**25.** See *Kaminski v. Grand Trunk W.R. Co.,* 347 Mich. 417, 422, 79 N.W.2d 899 (1965).

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for United States; Robert Garcia, Asst. U.S. Atty., New York City, of counsel.

Christos Potamitis, pro se.

Eddie Argitakos, pro se.

Steve Argitakos, pro se.

OPINION

EDWARD WEINFELD, District Judge.

Eddie Argitakos, his father, Steve Argitakos, and Christos Potamitis, each appearing pro se, move pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction of sentence. Consecutive and concurrent sentences were imposed upon Eddie Argitakos and Christos Potamitis, under which each is serving a term of imprisonment of fifteen years and total committed fines of $35,000 were imposed. Steve Argitakos is serving a term of imprisonment of four years and a total committed fine of $5,000 was imposed. Following affirmances of their convictions of various crimes arising out of the staged fake holdup of Sentry Armored Carrier Corporation ("Sentry"), while serving the sentence imposed upon him, each entered into a cooperation agreement with the United States Attorney. Under the agreements, entered into almost two years after the robbery, each agreed to cooperate fully and honestly with investigative authorities and to testify truthfully if required before a grand jury and a trial jury.

Eddie Argitakos was a principal witness called by the prosecution at the trial of Nicholas Gregory, Gerassimos Vinieris and Howard Marshall, who were also charged with crimes arising out of or related to the Sentry robbery. Gregory, named as a co-conspirator together with Eddie Argitakos and others in the initial indictment, was not tried with them because he was a fugitive for almost two years. Eddie Argitakos' testimony at the Gregory trial disclosed the details of the planning and execution of the staged holdup, the division of more than $8,000,000 in currency, part of the proceeds of the robbery, other details of the crime and attempts by participants and others to impede and obstruct investigative authorities by concealing the identity of all those involved in the crimes and the location of the stolen property. Such evidence could come only from one who was an active and principal participant in the crimes, as Eddie Argitakos acknowledged in his testimony before the Gregory trial jury. His testimony as to these matters was of prime importance to the prosecution's case and was persuasive, as the jury verdict attests. Gregory and Vinieris were convicted; the defendant Marshall was acquitted.

Eddie Argitakos' testimony dispensed with the need to call two material witnesses who testified in the first trial but who were without direct knowledge as to the details of the criminal acts perpetrated during the robbery or of the distribution of the proceeds or other important details. Although Steve Argitakos and Christos Potomitis also were ready to testify at the Gregory trial, the prosecution did not call them as witnesses because it was of the view their testimony would have been cu-

mulative and in some respects not material to the issues in that case. Thus upon the record there can be no doubt that Eddie Argitakos' testimony was the principal factor in the jury verdict in the Gregory trial and resulted in the conviction of Gregory and Vinieris. To this extent his cooperation was of substantial value not only to the prosecution's case, but in furthering the interests of justice.

Against the importance of his trial testimony is the fact that such cooperation was belated and offered only after the judgments of conviction were affirmed. Had his cooperation and that of others been tendered earlier, it may well have led to the discovery of some additional portion of the stolen proceeds and the apprehension of others who may have been involved in various crimes centering about the robbery. The government, while decrying the lack of earlier cooperation, acknowledges that, although belated, it has been helpful and has served to clarify some matters of importance.

The crimes charged of which the movants have been convicted are most serious. The total theft, including currency, checks and food stamps, was in excess of $11,000,000, of which, as already noted, estimated at more than $8,000,000 was in currency, of which to date slightly over $1,000,000 has been recovered. Also on the negative side is the fact that in the aftermath of the crime almost 200 Sentry employees were thrown out of employment when Sentry was forced out of business; also, the continued efforts after the staged holdup to obstruct the investigative authorities and the judicial processes. The crime also had a deleterious impact upon a number of innocent persons, the disruption of their lives, including those of some members of the participants' families.

While in support of his application each movant has expressed contrition, recognition of his wrongful conduct and repentance for his role in the crimes, the fact is that his participation was deliberate and well planned over an extensive period except in the instance of Steve Argitakos,

father of Eddie, who, in a misguided sense of parental protection of a son, was drawn into the plot after the robbery to conceal part of the illicit funds representing Eddie Argitakos' share of the loot. Steve Argitakos states that at one point during the trial he was prepared to plead guilty, but refrained because of concern that such a plea would have an adverse impact upon the case against his son and Potamitis.

Although it is recognized that Eddie Argitakos' testimony was of prime importance upon the Gregory trial, the fact is that the government, without his testimony, was in a position to present the testimony of other key witnesses to sustain its charges just as such proof was available at the trial against him. While it may be that against the totality of all the facts the quantum of the belated cooperation is minimal, and no doubt was spurred by self interest, the simple fact is, as stated by Judge Friendly, "the ability to offer leniency in return for cooperation is an indispensable tool of law enforcement." (*United States v. Ross*, 719 F.2d 615, 623 (2d Cir. 1983) (Friendly, J., concurring and dissenting.)

After carefully weighing the positive and negative factors, the Court makes the following disposition:

In the case of Eddie Argitakos, the motion is granted as follows: the sentences imposed are reduced from fifteen to twelve years; all other provisions and fines to remain.

In the case of Christos Potamitis, the motion is granted as follows: the sentences imposed are reduced from fifteen to twelve years; all other provisions and fines to remain.

In the case of Steve Argitakos, the motion is granted as follows: the sentence imposed is reduced from four to three years; the fine remains.