**UNITED STATES of America, Plaintiff,**

v.

**Ivan DECKARD, Defendant.**

**No. 80 CR 373.**

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1987.

---

Victoria J. Peters, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Ivan Deckard, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ivan Deckard ("Deckard") has filed a motion for modification of the severe sentence (six consecutive terms in the custody of the Attorney General, aggregating 50 years) this Court imposed on him in September 1981. Though this Court has lacked jurisdiction for nearly three years to grant relief from the sentence under Fed. R.Crim.P. ("Rule") 35(b),[1] Deckard takes the position that jurisdiction has been reconferred by newly-effective 18 U.S.C. § 3582(c) ("Section 3582(c)"):

> **(c) Modification of an imposed term of imprisonment.**—The court may not mod-

ify a term of imprisonment once it has been imposed except that—

\* \* \* \* \* \*

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(n), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

That provision is part of the Sentencing Reform Act (the "Act"), which became effective November 1, 1987. At least superficially Section 3582(c) may be capable of two readings:

1. as applying only prospectively in the total sense—that is, as applying only to the future modification of sentences imposed under the Act itself (sentences for persons convicted of post-November 1, 1987 offenses); or

2. as also applying to the future (that is, post-November 1, 1987) modification of sentences imposed before November 1, 1987.

Deckard would have it that the second (and broader) reading is the correct one.

But the government's response to Deckard's motion suggests the former is the more likely reading (quoting the legislative history of the Act, S.Rep. No. 98–225, 98th Cong., 1st Sess. 189 (1983) U.S. Code Cong. & Admin. News 1984, pp. 3182, 3372):

> mitted by Defendant and subsequently denied by this Honorable Court March 27, 1986 due to the Court having lost jurisdiction because the time limit for Defendant to submit the Rule 35 motion had long since elapsed.
>
> For a Rule 35(b) motion to have been timely filed, the latest that Deckard could have submitted such motion would have been 120 days after the Court of Appeals' mandate from his unsuccessful appeal had been received by this Court—thus sometime early in 1985.

---

1. As Deckard's current Motion ¶ 1 says:

   Following a plea of guilty by Defendant this Honorable Court conducted a sentence enhancement hearing, at the conclusion [sic] of which Defendant was sentenced to six (6) consecutive terms of imprisonment (50 years), aggregated with the sentences Defendant was then serving making a total sentence of 52 years 3 months 11 days; an appeal was taken and denied September 27, 1984; a delinquent F.R.Cr.P. Rule 35 motion was sub-

The title will apply to any offense or other event occurring on or after the effective date. A sentence imposed before the effective date of the guidelines as to an individual imprisoned or on parole on that date would not be affected by this title. As to an offense committed prior to the effective date, the preexisting law will apply to all substantive matters including the imposable sentence.

This Court finds it unnecessary to reason inferentially from such legislative history, for Section 3582(c)(2) itself contains ample internal evidence to compel rejection of Deckard's position:

1. By its own terms the statute applies only to "a defendant who has been sentenced to a term of imprisonment based on a sentencing *range*" (emphasis added). "Sentencing ranges" are an innovation introduced as part of the Act. Under prior law almost all crimes (including all those to which Deckard pleaded guilty) had established statutory maxima rather than being bracketed in ranges—the approach that has been taken by the new Sentencing Commission guidelines, adopted in response to the Act's mandate.[2] In short, it is simply inaccurate to speak of Deckard as having been sentenced "based on a sentencing range," and that means he cannot invoke Section 3582(c)(2).

2. As if that were not alone conclusive, the other precondition for bringing the statute into play is that the original sentencing range must have "subsequently been *lowered* by the Sentencing Commission pursuant to 28 U.S.C. § 994(n) ['Section 994(n)']" (emphasis added). That clearly requires that there must have been *two* sentencing ranges—an earlier higher one and a later lower one—applicable to the defendant. Section 994(n) confirms that, for it reads in relevant part:

The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section.

And an earlier provision in that very section, Section 994(b), provides the origin of the "sentencing range" concept:

The Commission, in the guidelines promulgated pursuant to subsection (a)(1), shall, for each category of offense involving each category of defendant, establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code. If a sentence specified by the guidelines includes a term of imprisonment, the maximum of the range established for such a term shall not exceed the minimum of that range by more than 25 per centum.

Hence Deckard's invocation of Section 3582(c) must fail, for the sentence this Court imposed on him does not satisfy the statutory prerequisites to judicial reduction. Any jurisdiction for a revisiting of Deckard's original sentence by this Court is therefore clearly nonexistent. But against the possibility that an appellate court might construe the Act differently—in the way Deckard would like—this opinion will go on to treat with the merits of Deckard's request.

This Court would not be prone to grant relief to Deckard in any event. Its reason for having imposed the sentence it did—the only time this Court has *ever* fashioned a set of consecutive maximum sentences for *any* criminal defendant—is capsuled in the opening sentence of its December 27, 1982 opinion rejecting one of Deckard's earlier efforts at postsentence relief:

Ivan Deckard ("Deckard") is an almost unbelievably vicious criminal (unfortunately also a very intelligent one, a classic example of the wasted life).

That conclusion was the result of an extensive "dangerous special offender" hearing under then-existing 18 U.S.C. § 3575 ("Sec-

---

**2.** There were some crimes under prior law that did have specified minimum as well as maximum sentences. But it would really stretch the Section 3582(c)(2) language beyond the breaking point to characterize a sentence under one of those provisions as having been "based on a sentencing range." And that conclusion is fortified by the next point discussed in the text (and by the Title 28 statutory provisions quoted there).

tion 3575"), which disclosed Deckard's adult lifetime of appalling criminal activity and brutality.

Indeed, to look back to the original time of sentencing, the only thing that led this Court to reject the sentence-enhancement provisions of Section 3575(b) was that Deckard was not "dangerous" within the specialized meaning of Section 3575(f),[3] even though he was certainly eminently "dangerous" under any common-sense meaning of that word. As n. 3 reflects, Deckard was not "dangerous" in the purely statutory sense because this Court, by employing the available option of consecutive sentencing, was able to fashion an appropriately severe sentence for Deckard *without* applying the authorized Section 3575(b) enhancement.

And if Deckard had hypothetically been sentenced under today's Sentencing Commission guidelines (which are applicable only to offenses committed after November 1, 1987), the result would have been the same: Even if literal application of the guidelines would have led to a lower number of years in custody, Deckard's situation would have cried out for a departure from the guidelines to produce essentially the same sentence as this Court actually imposed.[4] In other words, taking into account all the facts as to Deckard disclosed by the presentence report and by the Section 3575 hearing, this Court would have reached the same 50–years'–custody conclusion.

True enough, the perspective that a court should take on a Rule 35(b) motion or its equivalent is that of a fair sentence *now*, not what would have been fair when the original sentence was imposed. In that respect one possibility remains—that Deckard has been born again, as he says. Even if that were so, though,[5] this Court views the totality of his conduct (even including his current asserted redemption) as requiring that he spend in custody *at the very least* the amount of time that he will have to serve on his existing sentence before he becomes eligible for parole. That being true, justice is best served by leaving the present sentence in place. That will make it possible for the Bureau of Prisons to exercise *its* judgment as to when Deckard should become available for parole, acting on the strength of the then-current information as to the desirability of granting Deckard such relief.

That then disposes of the bulk of Deckard's current motion. However, he also asserts a second reason for somewhat narrower relief: He says this Court should not have imposed consecutive sentences for the conspiracy count and the substantive counts to which he pleaded guilty. But it has long been recognized that conspiracy to commit a crime and the substantive crime itself are separate offenses that will support separate sentences, including consecutive ones (see the discussion reconfirming that principle in *Iannelli v. United States*, 420 U.S. 770, 777–79, 95 S.Ct. 1284, 1289–91, 43 L.Ed.2d 616 (1975)). Deckard's situ-

---

**3.** Section 3575(f) established a narrow specialized meaning for the term "dangerous":

A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant.

As this Court read that provision when imposing sentence on Deckard, the "period of confinement ... provided for such felony," in the case of the multiple felonies to which Deckard pleaded guilty, meant the cumulative period authorized by law. That being so, the only way Deckard could be classified as "dangerous" in the statutory sense would have been if this Court had viewed a 50–year term as inadequate "for the protection of the public from further criminal conduct by [Deckard]." This Court could not justify such a conclusion.

**4.** See 18 U.S.C. § 3553(b) as to the authority for such departures, and Sentencing Commission Guidelines ch. 5, part K for relevant considerations in implementing that authority.

**5.** One of the problems this Court finds with that assumption is a function of Deckard himself. Certainly he is bright and Machiavellian enough to manipulate the system to make himself *appear* fully rehabilitated, whether or not that is true. As the following text explains, this Court believes that question is better left to the Bureau of Prisons for ultimate decision, based on the facts as they then exist. For present purposes, Deckard's contention that he is a different person now will simply be assumed arguendo in explaining why relief is not being granted anyway.

ation does not come within the exceptional instances where that doctrine does not apply (see, e.g., *Jeffers v. United States*, 432 U.S. 137, 155–57, 97 S.Ct. 2207, 2218–20, 53 L.Ed.2d 168 (1977)).

Accordingly Deckard's motion is denied in its entirety. To recapitulate:

1. Jurisdiction to grant the motion is questionable (to say the least) in light of the clearly prospective application of the Act.

2. Even if jurisdiction did exist, the relief of granting a current reduction of Deckard's sentence would not be warranted in any case.

3. More limited relief is also unavailable, because the existing consecutive sentences for the conspiracy and substantive charges were validly imposed.