## UNITED STATES of America

### v.

### Vincent ABBENANTE.

### No. Cr. No. 86–0045.

United States District Court,
D. Rhode Island,
First Division.

March 15, 1988.

Paul J. DiMaio, Providence, R.I., for defendant.

Lincoln C. Almond, U.S. Atty., and Anthony C. DiGioia, Asst. U.S. Atty., Providence, R.I., Don O. Burley, Office of Consumer Litigation, U.S. Dept. of Justice, Washington, D.C., for the U.S.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter concerns two motions made by defendant, Vincent Abbenante: 1) a motion to grant him a credit of 180 days towards prison time for time spent "in custody" while on bail before incarceration and 2) a motion for modification of sentence in light of the purportedly lower sentencing range contained in the new sentencing guidelines. Both of these motions have no basis in law and must be denied. However, because of the latter motion's novel nature, it is worthwhile to explicate the basis for the denial.

Defendant (who was in the used car business) was indicted on October 30, 1986, at which time he was placed on restrictive bail. The terms of defendant's bail were as follows: he was prohibited from leaving the State of Rhode Island except during business hours and during business hours he was restricted to travel in Massachusetts and Connecticut. Finally, while defendant was on bail, he was required to call into the United States Marshal's office every weekday before 10:00 A.M.

On March 16, 1987, Abbenante pleaded guilty to three counts of interstate transportation of falsely made, forged, or altered securities under 18 U.S.C. § 2314, one count of mail fraud under 18 U.S.C. § 1343, and ten counts of odometer rollbacks and false odometer certifications under 15 U.S.C. §§ 1984, 1988 and 1990c. On April 29, 1987, this Court sentenced Abbenante to five years imprisonment, five years probation to commence upon completion of his prison term or parole, and a committed fine of $10,000. Defendant remained on restrictive bail until May 18, 1987, when he was required to and did report to a designated federal prison. Subsequent to incarceration, he filed a motion for reduction of his sentence under Fed.R.Crim.P. 35, which this Court denied on September 9, 1987.

Defendant now seeks to gain 180 days of credit under 18 U.S.C. § 3568 arguing that the time during which he was under restrictive bail is equivalent to time spent "in custody." In addition, Abbenante contends that he is entitled now to a modification (really a reduction) of sentence because he was sentenced to a longer term under pre-guideline law for the particular crimes involved than would have been the case under the guidelines now in existence.

### CREDIT TIME

■ The statute involved, 18 U.S.C. § 3568, provides that "the Attorney General shall give [a convicted] person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." Congress, however, repealed this section as of November 1, 1987.

Whether defendant now would be entitled to a credit under § 3568, therefore, is questionable.

In any event, the issue of § 3568's continued vitality need not be pondered in order to dispose of defendant's first motion. In *U.S. v. Figueroa,* 828 F.2d 70, 71 (1st Cir.1987), the First Circuit Court of Appeals held that " 'custody' means imprisonment or some comparable institutional 'confinement.' " Thus, even if § 3568 were deemed applicable to Abbenante, this Court could not hold that he is entitled to 180 days of credit for the time he spent on restrictive bail. Such time is simply not akin to time spent in prison or in some other comparable "institutional confinement."

### GUIDELINE SENTENCING

Guideline sentencing applies to crimes committed after November 1, 1987. A Section of the Act involved, 18 U.S.C. 3582(c)(2), provides:

> The court may not modify a term of imprisonment once it has been imposed except ... in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, if such reduction is consistent with applicable policy statements issued by the sentencing commission.

■ Defendant raises the question of whether § 3582(c) is retroactively applicable to a defendant who committed crimes prior to the effective date of the statute. The Court holds that it is not. This section was clearly intended to apply only to a person sentenced under a guideline after November 1, 1987, which guideline was later reduced by the Sentencing Commission. The Sentencing Act of 1987, Pub.L. No. 100–182, 101 Stat. 1266 expressly provides that the new sentencing procedures "shall apply only to offenses committed after the taking effect of this chapter." Since Abbenante's offenses took place well before November 1, 1987, he cannot seriously contend that he is entitled to the benefit of the new sentencing procedures. Congress has evinced no intention to make the new guidelines applicable to pre-guideline

crimes. One reason for lack of retroactivity is that parole is unavailable to those sentenced under the guidelines. Persons sentenced under pre-guideline law such as Abbenante can look forward to parole before serving the full term imposed.

Defendant, however, insists that Congress must have intended to give offenders sentenced under pre-guideline law the "benefit" of the lower sentencing range of new guidelines because of language in S.Rep. No. 225, 98th Cong., 2d sess. 189, *reprinted in* 1984 U.S. CODE CONG & ADMIN. NEWS 3182 3372 & n. 430.

> Most of the individuals incarcerated under the old system will be released during the five year period. As to those individuals who have not been released at that time, the Parole Commission must set a release date for them prior to the expiration of the five years which is consistent with the applicable parole guidelines ... The Committee intends that, in the final setting of release dates under this provision, the Parole Commission *give the prisoner the benefit of the applicable new* sentencing guideline if it is lower than the minimum parole guideline (emphasis added).

Reliance on this legislative material has two flaws. First, it assumes that defendant would have received a more lenient sentence under the new guidelines compared to the term of imprisonment that this Court imposed. Defendant has failed to demonstrate this when parole is taken into consideration. Moreover, defendant inaccurately characterizes the purpose of the Senate Report.

The material cited by defendant has nothing to do with § 3582(c)(2). Rather, it refers to § 235(b)(3) which provides as follows:

> The United States Parole Commission is to set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline.

Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 2031, *amended* by Sentencing Act of 1987, Pub.L. 100–182, 101 Stat. 1266 (inserting in lieu of "that is within ... guideline," "pursuant to section 4206 of title 18, United States Code").

Under the Comprehensive Crime Control Act of 1984, the Parole Commission will be disestablished five years from November 1, 1987. With the elimination of the Commission, however, the following problem is created. Some defendants sentenced under the old law might have received lengthier terms of imprisonment because some Judges, in imposing sentence, consider the Commission's continuing power to review those sentences. S.Rep. 225, 98th Cong., 2d Sess. 46–47, *reprinted in* 1984 U.S. CODE CONG. & ADMIN. NEWS 3229–3230. Were the Commission to be eliminated without any attention paid to this group of individuals, a person sentenced under the old rules, in effect, could receive a harsher sentence than would be warranted under the circumstances.

Section 235(b)(3) takes care of this problem. The Parole Commission is to "set a release date" that is "consistent with the applicable parole guidelines" for an individual who will be "within its jurisdiction" the day before November 1, 1992. As the Senate Report noted, the purpose of setting a release date in this manner is to allow the *"Parole Commission* [to] give the prisoner the benefit of the applicable sentencing guideline if it is lower than the minimum *parole* guideline." (emphasis added). Any injustice caused by the elimination of the Commission and its concomitant power of review, thus, is obviated. In light of the clear purpose of § 235(b)(3), Abbenante is unable to sustain the view that he is entitled to receive the benefits of guideline sentencing under the legislative history of that section.

## CONCLUSION

For all the above reasons, defendant Abbenante's motions for credit time and modification of sentence are denied.

*It is so Ordered.*