UNITED STATES of America, Appellee,

v.

Eddie ARGITAKOS and Christos Potamitis, Defendants–Appellants.

No. 283, Docket 88–1274.

United States Court of Appeals, Second Circuit.

Submitted Nov. 28, 1988.

Decided Nov. 30, 1988.

Eddie Argitakos, Montgomery, Pa., defendant-appellant pro se.

Christos Potamitis, Montgomery, Pa., defendant-appellant pro se.

Vincent L. Briccetti, Asst. U.S. Atty. for the Southern District of New York, New York City (Rudolph W. Giuliani, U.S. Atty. for the Southern District of New York, Kerri L. Martin, Asst. U.S. Atty., Southern District of New York, New York City, of counsel), for appellee.

Before VAN GRAAFEILAND, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

Section 212(a)(2) of the Sentencing Reform Act of 1984 ("SRA"), 18 U.S.C. § 3582 (Supp. IV 1986), provides for a reduction of sentence for defendants whose original sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. This appeal presents the question of whether that Section authorizes the reduction of a sentence imposed on a defendant for offenses committed before the pertinent provisions of the SRA took effect. Because the Sentencing Act of 1987, Pub.L. No. 100–182 (Dec. 7, 1987), 101 Stat. 1266, provides that the SRA applies only to offenses committed after November 1, 1987, and the offenses in the instant case were committed before that date, defendants' claim is without merit.

On December 12, 1982, an armoured courier company in the Bronx, New York was robbed of $11 million in currency and other valuables. In September 1983, defendants were indicted for various offenses in connection with the robbery. After a guilty verdict, the district court sentenced each of the defendants to a total of fifteen years' imprisonment and $35,000 in fines. Defendants' convictions were affirmed on appeal. *United States v. Potamitis*, 739 F.2d 784 (2d Cir.) *certs. denied*, 469 U.S. 918, 105 S.Ct. 297, 83 L.Ed.2d 232, 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984).

Two years after their convictions, defendants entered into cooperation agreements with the government concerning co-conspirators not yet brought to trial. Subsequently, defendants, under Fed.R.Crim. P. 35(b), moved for and were granted in part a reduction of their sentences to twelve years each. *See United States v. Potamitis*, 609 F.Supp. 881 (S.D.N.Y.1985).

In late November 1987, both defendants moved for a further reduction of their sentences under 18 U.S.C. § 3582(c). The motion was denied. On appeal, defendants argue that they are eligible under 18 U.S.C. § 3582(c) for reduced sentences equalling what they would have received had they been sentenced under the Sentencing Guidelines, enacted as part of the SRA. Section 212(a)(2) of the SRA, 18 U.S.C. § 3582(c)(2) states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(n), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c) thus applies only where a defendant has been sentenced to a term of imprisonment based on a sentencing range under the Sentencing Guidelines that the Commission has subsequently lowered. The Sentencing Guidelines apply, however,

only to offenses committed on or after November 1, 1987, *see* Pub.L. No. 100–182, § 2 (Dec. 7, 1987), 101 Stat. 1266, and defendants were sentenced for offenses committed in 1982 and 1983. Since Section 2 of the Sentencing Act of 1987 provides that the SRA "shall apply only to offenses committed after the taking effect of this chapter," *id.*, Section 3582(c)(2) clearly does not apply to defendants' sentences.

The goal of the SRA is to bring about greater uniformity in sentences and to dispense with the parole system. Without parole, the way to ensure uniformity in sentences when sentence ranges are subsequently altered is to reduce the sentences of offenders who received the earlier, longer sentences. For prisoners sentenced before the Guidelines came into effect, such as the defendants here, however, uniformity is to be achieved through the parole system. *See, e.g., United States v. Abbenante*, 681 F.Supp. 126 (D.R.I.1988).

Defendants' claim that the SRA is an *ex post facto* law as applied to them is frivolous. The SRA does not apply to defendants, and, if it did, it would benefit rather than prejudice them.

AFFIRMED.