**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey Shane WATSON,**
**Defendant–Appellant.**

No. 88–1131
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 21, 1989.

Jeffrey Shane Watson, pro se.

Lynn Hastings, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before REAVLEY, JONES, and DUHE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

■ The sole issue raised on appeal is whether the appellant, who pled guilty to mail fraud occurring in 1986, may avail himself of sentencing under the new federal sentencing guidelines. Appellant contends that his sentence under the guidelines would range from twelve to eighteen months, while he was actually sentenced to five years in prison with a consecutive five-year probation term. We hold that 18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after their effective date, November 1, 1987.

Four months after appellant pleaded guilty to two counts of mail fraud in April 1987, he filed a motion under former Fed. R.Crim.Proc. 35(b) for reduction of sentence. That motion was denied. On February 1, 1988, Watson filed the instant "motion for review of sentence" under 18 U.S.C. § 3582(c)(2). He sought a reduction of his sentence on the basis that the new sentencing guidelines provide a more lenient range of imprisonment for the crimes he committed. The district court denied relief.

Section 3582(c)(2) provides that a district court may not modify a term of imprisonment, except that:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(n), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission.

Watson had no right to be sentenced under the sentencing guidelines, as they were not in effect when he committed his crimes. *United States v. Haines*, 855 F.2d 199, 200–01 (5th Cir.1988); *United States v. Byrd*, 837 F.2d 179, 181 (5th Cir.1988). The notes to § 3582 specify its applicability only to offenses committed after the effective date of the Sentencing Reform Act. The only federal appellate court to address this issue has held that § 3582(c)(2) does not apply to sentences imposed on offenses committed prior to November 1, 1987. *United States v. Argitakos*, 862 F.2d 423, 424–25 (2d Cir.1988), citing § 2 of the Sentencing Act of 1987, Pub.L. No. 100–182, 101 Stat. 1266. That Court noted the availability of parole as a means to achieve uniformity of sentences. Id. at 425. Two published district courts have reached the same conclusion. *United States v. Abbenante*, 681 F.Supp. 126, 127–28 (D.R.I.1988); *United States v. Deckard*, 675 F.Supp. 1127, 1128–29 (N.D.Ill.1987).

The cases that Watson cites in his brief are irrelevant. Most refer to the use of deadly force by police officers against fleeing felons. E.g., *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Ryder v. City of Topeka*, 814 F.2d 1412 (10th Cir.1987); *Carter v. City of Chattanooga*, 803 F.2d 217 (6th Cir.1986), vacated, 850 F.2d 1119 (6th Cir.1988) (en banc), cert. denied, ___ U.S. ___, 109 S.Ct. 795, 102 L.Ed.2d 786 (1989); *Young v. City of Killeen*, 775 F.2d 1349, 1353 (5th Cir.1985). The other case, *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), concerns the statute of limitations in a civil suit.

■ To the extent that Watson's motion can be construed as a second Rule 35(b) motion for reduction of sentence, the district court had no jurisdiction to grant it. Where there is no appeal of a conviction,

such a motion must be filed within 120 days of imposition of sentence. Former Fed.R.Crim.P. 35(b); *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979).

For the foregoing reasons, the judgment of the district court is AFFIRMED.