**UNITED STATES of America, Plaintiff,**

v.

**Rafael Tormes ORTIZ, Defendant.**

**Criminal No. 88–253 (JP).**

United States District Court,
D. Puerto Rico.

Oct. 22, 1996.

Francisco Rebollo, U.S. Department of Justice, Criminal Division–Narcotics and Dangerous Drugs Section, Washington, D.C., for Plaintiff.

Rafael Tormes Ortiz, Terre Haute, IN, pro se.

## ORDER

PIERAS, District Judge.

### I. INTRODUCTION AND BACKGROUND

The Court has before it the defendant's motion requesting a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Sentencing Guideline § 1B1.10, based on guideline amendment of November 1, 1995 (docket No. 2470). The Court hereby **DENIES** defendant's motion.

On May 31, 1990, after being found guilty by jury trial, the defendant was sentenced as follows. As to count one, involving a conspiracy to import over 1,000 kilograms of marihuana and over five kilograms of cocaine, the Court sentenced the defendant to imprisonment for his natural life. As to count thirty-six, involving the possession with intent to distribute 48 kilograms of cocaine, defendant was sentenced to 5 years, and as to count

thirty-eight, involving the importation of 476 kilograms of cocaine, the Court sentenced defendant to a second life term. The Court set these three sentences to run concurrently.

For counts thirty-five and thirty-nine, involving the use of firearms during the commission of drug trafficking offenses, the Court sentenced defendant to two five-year sentences to run consecutively to each other and all other sentences, as mandated by 18 U.S.C. § 924(c).

The Court sentenced the defendant to forty years as to count eleven, involving the possession with intent to distribute one kilogram of cocaine, to ten years for count twelve, involving the possession with intent to distribute 24 pounds of marihuana, to thirty years as to count twenty, involving the possession with intent to distribute 1,800 pounds of marihuana, and to twenty years as to count twenty-eight, involving the possession with intent to distribute 1,200 pounds of marihuana. These sentences were set to run concurrently with each other, but consecutively to the other sentences imposed. Thus, the defendant's sentence boils down to one life term, to be followed by two consecutive five year terms, to be followed by a forty year term.

When the Court sentenced the defendant, the Sentencing Guidelines established a base offense level of 42 for some of the offenses of which Tormes was convicted. The guidelines have been amended, and the maximum base offense level for these offenses is now 38. U.S.S.G. App. C, amendment 505 (1995). The guidelines also now permit courts to retroactively apply amendment 505 to offenses occurring prior to November 1, 1994. U.S.S.G. § 1B1.10(c). The defendant asks this Court to do so.

## II. ANALYSIS

Title 18 U.S.C. § 3582(c)(2) permits the Court, upon motion or *sua sponte*, to reduce the term of imprisonment of a defendant whose sentence was based on a range that the Sentencing Commission has subsequently lowered. 18 U.S.C. § 3582(c)(2). In reducing a sentence under § 3582(c)(2), the Court must consider the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Sentencing Guideline § 1B1.10(b) states that "in determining whether, and to what extent a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced."

In considering the sentence it would have imposed on Rafael Tormes Ortiz had amendment 505 been in place at the time of sentencing, the Court concludes that defendant's reliance on amendment 505 is misplaced, for even if the Court did apply amendment 505 to each of the sentences imposed upon the defendant, his overall sentence would remain unchanged.[1] The defendant's sentence can be broken down into four consecutive periods of imprisonment. Within the first and fourth consecutive periods, several sentences of various durations run concurrently. However, application of amendment 505 has no effect on the total length of any of these four consecutive periods of imprisonment.

 The first period of imprisonment imposed by the sentencing court includes two life sentences and one five year sentence, all to run concurrently. Thus, the full duration

---

1. Amendment 505 does not apply to counts eleven, twelve, twenty, and twenty-eight, because they occurred prior to November 1, 1987, when the sentencing guidelines did not apply. It does not apply to counts thirty-five and thirty-nine, involving the use of a firearm during the commission of a drug trafficking offense. Amendment 505 also does not apply to count thirty-six, involving 48 kilos of cocaine, which subjected the defendant to a base offense level of 34 at the time of his sentencing. U.S.S.G. § 2D1.1(c)(5) (1989)

(*see* 1995 U.S.S.G. app. C amend. 125). Finally, Amendment 505 has no effect on defendant's life sentence, given for his conviction as to count 38, involving the possession of with the intent to distribute 476 kilos of cocaine. At the time of his sentencing, such an offense resulted in a base offense level of 38. Therefore, the only sentence to which amendment 505 might apply is the life sentence given for defendant's conviction as to count one.

of this period is the defendant's natural life. One of the two life sentences was given for defendant's conviction as to count thirty-eight, involving the possession of and intent to sell 476 kilos of cocaine. Amendment 505 has no effect on that life sentence. At the time of his sentencing, a drug offense involving 476 kilos of cocaine generated a base offense level of 38. U.S.S.G. § 2D1.1(c)(3) (1989) (*see* 1995 U.S.S.G.App. C amend. 125). Amendment 505 only reduces sentences having base offense levels greater than 38, and therefore, amendment 505 has no application to one of defendant's life sentences. Defendant's first period of imprisonment remains unchanged. Any reduction that would result to the second life sentence and/or the five year sentence, both of which run concurrently with the first life sentence, would have no effect on the overall length of the first period of imprisonment, the defendant's natural life.

■ The second and third periods of imprisonment given to the defendant by the sentencing court are likewise unaffected. They consist of two consecutive five year sentences given for violating 18 U.S.C. § 924(c)(1) by using or carrying of a firearm during the commission of a drug trafficking offense. Amendment 505 applies to the base offense level of crimes involving various amounts of drugs, and simply does not affect these sentences.

■ The fourth and final period of imprisonment to which the defendant was sentenced also remains unchanged by amendment 505. It is comprised of four sentences running concurrently, the longest of which is for forty years. The forty year sentence was given by the sentencing court for defendant's conviction of count 11. The conduct underlying the offense charged in count 11 of the indictment occurred prior to November 1, 1987. Therefore, the sentencing guidelines did not apply to that offense. 18 U.S.C. § 3582(c)(2); *see United States v. Watson*, 868 F.2d 157 (5th Cir.1989); *United States v. Argitakos*, 862 F.2d 423 (2nd Cir.1988). The effect of amendment 505 on any other sentences running concurrently with this forty year sentence would have no effect on the full length of the fourth period of imprisonment.

Therefore, after the application of amendment 505, the defendant would still, in essence, be sentenced to one life sentence, two five year sentences to run consecutively with each other and the life sentence, and one forty year sentence to run consecutively with the life sentence and the two five year sentences. Therefore, defendant's motion (docket No. 2470) is denied.

IT IS SO ORDERED.