IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 07-10062
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BONNIE BURNETTE ERWIN

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-297
USDC No. 3:84-CR-168-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bonnie Burnette Erwin, federal prisoner # 14289-077, was convicted of numerous charges related to his participation in a drug conspiracy, and he is currently serving a sentence of life plus 105 years in prison.  Erwin filed a motion under 18 U.S.C. § 3582(c) to challenge both his sentence and the manner in which the sentence is being served.  The district court determined that Erwin could not proceed under § 3582(c).  The district court further concluded that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Erwin's motion was best construed as arising in part under 28 U.S.C. § 2255 and in part under 28 U.S.C. § 2241. Erwin challenges the district court's disposition of his motion. Erwin also moves this court for appointed counsel and to expedite his appeal.

Erwin has not shown that the district court erred by determining that his motion was best construed as an unauthorized successive § 2255 motion to the extent he challenged his sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Insofar as Erwin requests a certificate of appealability (COA) to challenge this determination, his request is DENIED. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court's determination that Erwin could not proceed under § 3582(c) is correct. See United States v. Watson, 868 F.2d 157, 158 (5th Cir. 1989). Moreover, Erwin has not shown that the district court erred by concluding that his motion was best construed as arising under 28 U.S.C. § 2241 to the extent he raised claims challenging the accuracy of his records. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); see also Young v. Parole Com'n, 682 F.2d 1105, 1109 (5th Cir.1982). Erwin also has failed to establish that the district court erred in determining that, to the extent his motion was best construed as arising under § 2241, it should be dismissed because it was filed in the wrong jurisdiction. See Pack, 218 F.3d at 451. Erwin's arguments that his motion should have been construed as arising under the All Writs Act and several Rules of Civil and Criminal Procedure are unavailing. To the extent that the district court construed Erwin's motion as a § 2241 petition filed in the wrong jurisdiction, this judgment is AFFIRMED. All other outstanding motions are DENIED.

Erwin has filed numerous meritless postconviction motions challenging his convictions and sentences. Erwin is WARNED that any further meritless attempts to challenge either his convictions or sentences may result in the imposition of sanctions. These sanctions may include dismissal, monetary

2

sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.