# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 21, 2013

Lyle W. Cayce
Clerk

No. 12-40324
Summary Calendar

BONNIE BURNETTE ERWIN,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA; JODY R. UPTON, Warden,

Respondents-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-127

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Bonnie Burnette Erwin, federal prisoner # 14289-077, was convicted of several drug-related charges, and he is serving a sentence of life without parole plus 105 years. Now, he challenges the district court's denial of his alleged 28 U.S.C. § 2241 petition and the denial of his request for counsel. He also requests appointed counsel from this court.

In his appellate briefs, Erwin raises several arguments concerning the validity of his convictions and sentences as well as his entitlement to relief under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the All Writs Act and various rules of civil and criminal procedure. He avers that inaccurate information in his prison records is influencing the execution of his federal sentence. These arguments are unavailing.

To the extent that Erwin argues that his prison records are inaccurate, this claim could sound in § 2241. *See Young v. Parole Comm'n*, 682 F.2d 1105, 1107 (5th Cir. 1982). However, because Erwin does not address the district court's analysis of this claim, he has not shown that the district court erred by rejecting it. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Erwin's remaining arguments likewise do not suffice to show error in connection with the district court's judgment.

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2255 motion in the sentencing court. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). A petition for a writ of habeas corpus filed pursuant to § 2241 is usually reserved for challenges to the manner in which a sentence is being executed. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).

Insofar as Erwin contends that his claims are properly brought in a § 2241 petition because he is challenging the execution of his sentence, this argument is unavailing. Review of his filings shows that he is primarily seeking relief based on alleged flaws in his convictions and sentences and is thus bringing a challenge to the sentence itself, rather than its execution. *Compare Gallegos-Hernandez v. United States*, 688 F.3d 190, 192-94 (5th Cir.), *cert. denied*, 2012 WL 4462145 (Oct. 29, 2012) (No. 12-6450). Additionally, Erwin has failed to show that § 2255 is inadequate or ineffective, nor has he established that the district court's disposition of his § 2241 petition was in any way flawed. *See Reyes-Requena*, 243 F.3d at 904. Erwin likewise has not shown that the district court erred by denying his request for counsel, as he has not demonstrated that the interests of justice require that he receive an attorney. *See United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994); *Schwander v. Blackburn*, 750 F.2d

494, 502 (5th Cir. 1985).  The judgment of the district court is AFFIRMED, and his request for appointed appellate counsel is DENIED.

Previously, this court warned Erwin "that any further meritless attempts to challenge either his convictions or sentences may result in the imposition of sanctions." *United States v. Erwin*, 242 F. App'x 200, 201 (5th Cir. 2007).  He failed to heed this warning.  Consequently, Erwin is ORDERED to pay a $100 sanction to the Clerk of this Court.  He is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction challenging his convictions and sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file the pleading.  Finally, Erwin is CAUTIONED that lodging future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.