# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2021

Lyle W. Cayce
Clerk

No. 20-10795
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BONNIE BURNETTE ERWIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:84-CR-168-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Bonnie Burnette Erwin, federal prisoner # 14289-077, was convicted in 1985 of various charges related to drug-trafficking; he is serving a lifetime term of imprisonment. In 2019, Erwin filed two motions for compassionate release, relying on 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10795

as well as 18 U.S.C. 4205(g).  The district court concluded that § 3582(c) did not apply to Erwin because his offenses occurred prior to November 1, 1987, the effective date of the statute.  To the extent Erwin sought relief under § 4205(g), the court determined that he was ineligible because that provision only allows the Bureau of Prisons (BOP) to seek compassionate release and there was no indication that the BOP had filed such a motion.  Thus, the district court denied Erwin's motions.  Erwin now appeals.

Although Erwin makes the general argument that he is entitled to relief based on his medical conditions, he does not challenge our holding in *United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989), or argue that the First Step Act of 2018 changed the applicability of § 3582(c) to offenses predating 1987.  Nor does he contend that the BOP has filed a motion for compassionate release on his behalf under § 4205(g).  Thus, Erwin does not show that the district court abused its discretion in denying his motions for compassionate relief.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court's judgment is AFFIRMED.  All outstanding motions are DENIED.