# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2021

Lyle W. Cayce
Clerk

No. 20-10795
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BONNIE BURNETTE ERWIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:84-CR-168-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Bonnie Burnette Erwin is a federal prisoner serving a sentence of life plus 105 years for a variety of convictions stemming from his leadership of "a multi-faceted criminal enterprise" selling drugs "out of a chain of 'fortified' apartments in South Dallas," Texas. *United States v. Erwin*, 793 F.2d 656,

---

\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

659–60 (5th Cir. 1986) (footnote omitted); *see also United States v. Erwin*, 277 F.3d 727, 730 (5th Cir. 2001).

At an advanced age and in deteriorating health following a 2011 stroke, Erwin filed two motions for compassionate release in 2019. In one motion, Erwin pled for compassionate release under 18 U.S.C. § 4205(g). In another, he invoked 18 U.S.C. § 3582(c)(1)(A).

The district court correctly denied both motions. Applying our holding in *United States v. Watson*, the district court observed that § 3582(c) does not apply to Erwin, who committed his offenses before the statute's effective date. *See United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989) ("We hold that 18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after [the Guidelines'] effective date, November 1, 1987."). And, applying the plain language of § 4205(g), the district court observed the Bureau of Prisons' dispositive failure to file a motion to reduce Erwin's sentence on Erwin's behalf. *See* 18 U.S.C. § 4205(g) ("At any time *upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served." (emphasis added)).

On appeal, Erwin makes no meaningful attempt to rebut either of these reasons for the district court's denial of his motions. Although Erwin makes the general argument that his age and medical condition entitle him to compassionate release, he does not challenge our holding in *United States v. Watson* or argue that the First Step Act of 2018 changed the applicability of § 3582(c) to offenses predating 1987. Nor does he contend that the BOP has filed a motion for § 4205(g) relief on his behalf. As a result, Erwin fails to show an abuse of discretion on the part of the district court.

Accordingly, the district court is AFFIRMED. All outstanding motions are DENIED.