# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2025

Lyle W. Cayce
Clerk

No. 24-10935

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Bonnie Burnette Erwin,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:84-CR-168-1

———————————————————————

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Bonnie Burnette Erwin moved for compassionate release under 18 U.S.C. § 3582(c)(1) and § 4205(g).[1] The district court denied that motion on two independent grounds. Erwin primarily appeals

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Section 4205(g) "was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date." 28 C.F.R. § 572.40. Erwin's offenses occurred prior to 1987, so § 4205(g) is still controlling in this case.

the first ground—but does not meaningfully contest the second. So we AF-FIRM.

In 1985, Erwin was convicted of federal drug-trafficking offenses for his leadership role in "a multi-faceted criminal enterprise" based out of Dallas, Texas. *United States v. Erwin*, 793 F.2d 656, 659–60 (5th Cir. 1986); *see also United States v. Erwin*, 277 F.3d 727, 729–30 (5th Cir. 2001). He's now serving a sentence of life, plus 105 years. *United States v. Erwin*, No. 20-10795, 2021 WL 4805507, at *1 (5th Cir. Oct. 14, 2021) (per curiam) (unpublished).

Over the past few years, Erwin has filed several motions for compassionate release. *See*, *e.g.*, *id.* (reviewing two). Each one has been denied. *See id.*

Undeterred, Erwin filed the two compassionate-release motions at issue here. They were once again denied by the district court.

The court offered two independent reasons for denial.

First, neither § 3582(c) nor § 4205(g) is available to Erwin. He committed his offenses prior to § 3582(c)'s enactment in 1987. So that provision—as well as the First Step Act of 2018's amendments thereto—does not apply. *See United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989) ("We hold that 18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after [the Guidelines'] effective date, November 1, 1987."); *see also Erwin*, 2021 WL 4805507, at *1 (relying on *Watson* in affirming the denial of one prior compassionate release motion). And only the Bureau of Prisons can file motions for compassionate release under § 4205(g). The Bureau has not moved in this case. So § 4205(g) does not apply, either. *See Erwin*, 2021 WL 4805507, at *1 (relying on § 4205(g)'s plain text in affirming the denial of another prior compassionate release motion).

No. 24-10935

Second, compassionate release is discretionary—even if § 3582(c) or § 4205(g) were available. And the sentencing factors enumerated in 18 U.S.C. § 3553(a) counsel against release.

Erwin timely appealed. He primarily challenges the district court's first reason for denial. He claims that *Watson* should be limited to pre-1987 offenders who seek a sentence reduction under § 3582(c)(2)—not applied to pre-1987 offenders, like him, who seek compassionate release under (c)(1). At any rate, he adds, the First Step Act of 2018 supersedes § 3582(c)(1) such that the provision applies even to pre-1987 offenders.

Erwin acknowledges that this argument has been firmly rejected by several other circuits. *See United States v. Jackson*, 991 F.3d 851, 853–54 (7th Cir. 2021) (rejecting this argument); *United States v. King*, 24 F.4th 1226, 1230, 1232 (9th Cir. 2022) (same); *see also United States v. Rivera-Rios*, No. 20-1773, 2022 WL 14206094, at *2 (2d Cir. Oct. 25, 2022) (unpublished) (same).

But we need not decide whether to join them.

Erwin suggests that we simply ignore the district court's second—and wholly independent—reason for denying his motion. In his view, alternative holdings are inherently poor "predictor[s] of the final answer."

Needless to say, we disagree. Erwin failed to identify any legal or factual error underlying the district court's § 3553(a) evaluation. *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021) ("A court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." (cleaned up)).

We AFFIRM.