UNITED STATES of America,
Plaintiff–Appellee,

v.

Sterling Leroy HAINES,
Defendant–Appellant.

Nos. 88–5529, 88–5530
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1988.

Lucien B. Campbell, Federal Public Defender, P. Joseph Brake, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Le Roy Morgan Jahn, Michael R. Hardy, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In this case we are faced with the claim that the statute making the sentencing guidelines applicable only to crimes committed after they went into effect is an unconstitutional ex post facto law as it applies to crimes committed before the guidelines were promulgated. This unique

contention constitutes a complete miscomprehension of the prohibition against ex post facto laws contained in Art. I § 9 of the United States Constitution. We affirm the refusal of the district court to use the sentencing guidelines in the case of this appellant whose criminal offenses were committed before the guidelines went into effect.

On January 4, 1988, appellant Sterling Haines pleaded guilty in one case to one count of mail fraud, 18 U.S.C. § 1341, and one count of equity skimming, 12 U.S.C. § 1709–2. At the same time he also pleaded guilty in another case to one count of escaping from custody, 18 U.S.C. § 751(a). All of these offenses were committed before November 1, 1987, the date upon which the United States Sentencing Guidelines became effective. *United States v. Hurtado*, 846 F.2d 995, 996 (5th Cir.1988).

Before sentencing, Haines moved the court to impose sentence in accordance with the sentencing guidelines. He argued that the guidelines should apply to convictions which take place after the November 1, 1987 date, although the crimes took place before that date. The district court denied the motion, and Haines was sentenced to a five-year term and two three-year terms, all consecutive. His appeal is timely.

The sentencing guidelines which went into effect on November 1, 1987, were developed by the United States Sentencing Commission under the Sentencing Reform Act of 1984, 28 U.S.C. §§ 991, 994(a). On December 7, 1987, Congress amended the 1984 enabling statute by expressly limiting the applicability of the new guidelines to criminal offenses committed after the November 1, 1987, effective date. Sentencing Act of 1987, Pub.L. No. 100–182, sec. 2(a), 101 Stat. 1266. The contention by Haines is that since he was sentenced after November 1, 1987, the guidelines should have been applied and would have governed his punishment, with the result of more lenient sentences. Since the 1987 amendment prevented the guidelines from being applicable to his cases, the amendment is an unconsti-tutional ex post facto law because it foreclosed more favorable guideline sentences.

■ A retrospective amendment of sentencing guidelines would violate the ex post facto law if the amendment "makes more onerous the punishment for crimes committed before its enactment." *Miller v. Florida*, —— U.S. ——, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987). Obviously the 1987 statute and the guidelines did not and could not have made more onerous the punishment for crimes committed before its enactment. It was the very purpose of the amending statute to confirm that there could be no ex post facto claim that the sentencing guidelines had increased the punishment for offenses committed before they went into effect. Making them totally inapplicable to any criminal offense committed before they went into effect completely obviated that ex post facto possibility.

■ On the other side of the coin, there is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed. His culpability is adjudged on the basis of the laws that existed when he committed the crime.

The tenuous line of reasoning relied upon by Haines is that the Sentencing Reform Act of 1984, under which the guidelines were to be developed, was in effect at the time he committed the crimes. Thus, he would have been entitled to be sentenced under the guidelines if it had not been for the amendment in 1987 that made the guidelines applicable only to crimes committed after they went into effect. There are two answers to this line of reasoning. The first is that while the 1984 statute set up the commission which created the guidelines, the guidelines did not exist until after Haines committed the crimes for which he was sentenced. It is fanciful indeed to claim that he was entitled to the application of guidelines which did not exist.

■ But even beyond that, it is clear that when Congress enacted the Sentencing Reform Act of 1984 it intended the new

guidelines, when they were developed, to apply only to offenses committed on or after their effective date. See the thorough presentation in *United States v. Byrd*, 837 F.2d 179, 181 (5th Cir.1988). *Accord, United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987). A congressional intention to make the guidelines applicable to crimes committed before they went into effect would result in ex post facto constitutional violations. Any ambiguity on this issue in the 1984 statute must be resolved by interpretation. Statutes are to be interpreted to avoid constitutional violation. "It is a cardinal principle that this Court will first ascertain whether construction of the statute is fairly possible by which the [constitutional] question may be avoided." *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932). This quotation is frequently cited in more recent cases, *e.g., United States v. Security Industrial Bank*, 459 U.S. 70, 78, 103 S.Ct. 407, 412, 74 L.Ed.2d 235 (1982); *Califano v. Yamasaki*, 442 U.S. 682, 693, 99 S.Ct. 2545, 2553, 61 L.Ed.2d 176 (1979).

This general rule of interpretation must be applied here. Thus, the later 1987 amendment made no change in the law. It merely confirmed the intent of the 1984 statute as Congress had enacted it. A contrary interpretation would lead to open and obvious violations of the ex post facto prohibition in the Constitution. Such clearly was not the intent of Congress. *See generally United States v. Cooper*, 685 F.Supp. 179, 180 (N.D.Ill.1988); 133 Cong. Rec. H10021 (Daily ed. Nov. 16, 1987) (statement by Representative Fish that the amendment was offered "to make it clear" that the new guidelines apply only to criminal conduct occurring after the guidelines went into effect).

We conclude that Haines was never entitled to be sentenced under the new guidelines because they were never applicable to his criminal offenses and the sentences flowing from them. His ex post facto claim is meritless.

AFFIRMED.