865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avery Nathaniel BRICE, Defendant-Appellant.
 No. 88-6063.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 26, 1988.
Decided: Dec. 20, 1988.
 
 Avery Nathaniel Brice, appellant pro se.
 David Alan Graham (Office of the United States Attorney), for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Avery Nathaniel Brice, a federal inmate, appeals the district court's order denying his request to correct his allegedly illegal sentence. In his motion Brice contends that he is entitled to have the sentencing guidelines promulgated by the United States Sentencing Commission under authority of the Sentencing Reform Act of 1984 applied to the convictions he received in May of 1987.* The district court determined that the guidelines were not applicable to Brice's convictions and denied the motion. We affirm.
 
 
 2
 On December 7, 1987, the President signed into law the Sentencing Act of 1987, Pub.L.No. 100-182, 101 Stat. 1266 (1987). Section 2 of that Act amended section 235(a)(1) of the Comprehensive Crime Control Act of 1984. The effect of the amendment is to clarify that the provisions of the Sentencing Reform Act of 1984 apply only to offenses committed on or after November 1, 1987. Inasmuch as Brice's offenses occurred prior to November 1, 1987, the sentencing guidelines are inapplicable to his convictions. See also United States v. Haines, 855 F.2d 199 (5th Cir.1988). Accordingly, Brice's sentences are not illegal.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the order below.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Although Brice's motion was untimely if treated as a Fed.R.Crim.P. 35(b) motion or as a motion for reconsideration of an earlier denial of Rule 35(b) relief, because it challenges the legality of his sentence, it may be brought at any time under Fed.R.Crim.P. 35(a)