877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Ray CHUMLEY, Defendant-Appellant.
 No. 89-5251.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1989.
 
 1
 Before RALPH B. GUY, Jr., and RYAN, Circuit Judges, and DAVID D. DOWD, District Judge.*
 
 ORDER
 
 2
 Phillip Ray Chumley moves for in forma pauperis status on appeal from the district court's order denying Chumley's motion to vacate sentence. 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On March 4, 1988, the district court sentenced Chumley to five years imprisonment on the charge of possessing a firearm while being a felon. 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B). In his motion to vacate, Chumley argued that the district court should have imposed the sentence under the Sentencing Reform Act of 1984, thereby resulting in a lower sentence. Chumley argued that the court's failure to do so amounted to an ex post facto clause violation. The district court rejected this argument, and Chumley appealed.
 
 
 4
 The Sentencing Reform Act does not apply to crimes committed before November 1, 1987, the effective date of the Act. United States v. Argitakos, 862 F.2d 423, 424-25 (2d Cir.1988) (per curiam); United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988) (per curiam); United States v. Vega, 860 F.2d 779, 800-01 (7th Cir.1988); United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987) (order). Therefore, any defendants who committed crimes before the effective date of the Act must be sentenced under the old law. This holding is correct even if the district court sentenced the defendant after the effective date of the Act. United States v. Stewart, 865 F.2d 115, 116 (7th Cir.1988); United States v. Haines, 855 F.2d 199, 200 (5th Cir.1988). No ex post facto problem arises because the Act does not apply retroactively. Stewart, 865 F.2d at 117; Haines, 855 F.2d at 200. Therefore, Chumley's arguments are without merit.
 
 
 5
 The motion for in forma pauperis status is granted. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation