UNITED STATES of America

v.

Ronald Walter HAYES, Sr.

No. 90–3123.

United States Court of Appeals,
District of Columbia Circuit.

April 9, 1991.

Edward C. Sussman (appointed by the court) for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Elizabeth Trosman, John P. Dominguez and David A. Payne, Asst. U.S. Attys., Dept. of Justice, for appellee.

Before D.H. GINSBURG, SENTELLE and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

■ Ronald W. Hayes was convicted of aiding and abetting the submission of false claims to the United States. *See* 18 U.S.C. §§ 2, 287. Although his sentence of ten to thirty months' imprisonment is well within the statutory maximum, *see id.* § 287, Hayes appeals on the ground that the district court should have sentenced him under the United States Sentencing Guidelines.

■ As all the other courts of appeals to have addressed the issue agree, *see United States v. Polk*, 905 F.2d 54, 55 (4th Cir. 1990); *United States v. Newman*, 889 F.2d 88, 94 (6th Cir.1989); *United States v. Kendis*, 883 F.2d 209, 211 n. 1 (3d Cir.1989); *United States v. Watson*, 868 F.2d 157, 158 (5th Cir.1989); *United States v. Stewart*, 865 F.2d 115, 116 (7th Cir.1988); *United States v. Argitakos*, 862 F.2d 423, 424–25 (2d Cir.1988); *United States v. Burgess*, 858 F.2d 1512, 1513–14 (11th Cir.1988); *United States v. Twomey*, 845 F.2d 1132, 1135 (1st Cir.1988); *United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987), the Sentencing Guidelines apply only to criminal offenses committed on or after November 1, 1987. *See* Pub.L. 100–182, § 2(a), 101 Stat. 1266 (1987). The clear statement fixing the effective date of the Guidelines forecloses any resort to the rule of lenity.

*United States v. Stewart*, 865 F.2d at 118. Because Hayes was convicted of conduct that ended in April 1986, the Guidelines plainly do not cover his sentence. Although Hayes was also charged with a conspiracy ending after November 1, 1987, he was not convicted of that offense.

 The sentence imposed does not violate Hayes's constitutional rights to due process and equal protection. "[T]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed." *United States v. Haines*, 855 F.2d 199, 200 (5th Cir.1988).

The judgment of the district court is

*Affirmed.*