USCA1 Opinion

 

 [NOT FOR PUBLICATION] ____________________
No. 91-1612 UNITED STATES, Appellee, v. JOHN E. HOSMER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ____________________ Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Cyr, Circuit Judge. ____________________ Richard J. Vita with whom Elizabeth H. Cerrato was on brief for
appellant. Brien T. O'Connor, Assistant United States Attorney, with whom Wayne
A. Budd, United States Attorney, was on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant John Hosmer appeals his
sentence on two grounds: (1) that his sentence is
disproportionately high compared to sentences imposed upon
defendants in a prior related case by a different district
court judge; (2) that the sentence violated the Ex Post Facto
Clause of the Constitution because the district court
considered the Sentencing Guidelines in determining its
sentence, and the guidelines were not in effect at the time.
1. Disparate Sentencing Two points are to be made. One, our comparison of the
sentences in this case and the prior one leads us to conclude
that defendant's sentence here was not disproportionate to the
sentences handed down for defendants in the other case
performing similar activities; i.e., off-loading marijuana from
the mother ship. Two, even if defendant's sentence was
disproportionate to the sentences in the other related case, it
does not make any difference. The district court judge here
had no duty to reconcile the sentence of defendant with the
sentences of other defendants in the related prior case. Since
this was a pre-guideline case, the only check on the sentencing
discretion of the judge was that the sentence not exceed the
statutory limits.
2. Consideration of the Sentencing Guidelines In United States v. Twomey, 845 F.2d 1132, 1135 (1st Cir.
1988), we held that in pre-guideline cases "the judge in his
discretion, [is] entitled to look at the guidelines and give
them some weight if he [chooses] to do so." Id. at 1135. The
sentencing judge made it explicit here that, in considering the
guidelines, he knew he was not bound by them. The judgment of the district court is AFFIRMED.