7 F.3d 219
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Edward W. SEELEY, Defendant, Appellant.
 No. 93-1231.
 United States Court of Appeals,
First Circuit.
 September 23, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Edward W. Seeley on brief pro se.
 A. John Pappalardo, United States Attorney, and Brian T. Kelly, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant challenges the district court's disposition of his motion under 28 U.S.C. § 2255 and former Rule 35(a), Federal Rules of Criminal Procedure, to correct, modify or clarify his sentence. The district court vacated appellant's conviction on two counts which it found to be impermissibly repetitious of the remaining convictions, but left unchanged the total punishment time. Appellant complains that "more is owed to [him] than the symbolic emptiness provided." We affirm the district judge's disposition for substantially the same reasons as set forth in her opinion.
 
 
 2
 In his notice of appeal, appellant assigned as error the district court's reliance on Judge Keeton's opinion in United States v. MacPherson, CR 87-34-K (May 10, 1991), aff'd, 959 F.2d 230 (1st Cir. 1992) (table), calling MacPherson an "obscure ... unpublished case not available to the public." There was no error in the citation. MacPherson involved one of appellant's codefendants, tried separately but charged in the same indictment. The issues in Judge Keeton's opinion were directly related to those here. See Loc. R. 36.2(b)6 (stipulating that unpublished opinions may be cited in related cases). Moreover, the argument calls into question appellant's good faith. In his memorandum below, appellant appended a copy of the MacPherson decision, and urged the district court to follow its reasoning.
 
 
 3
 Appellant also attempts on this appeal to attack his conviction and sentence on two new grounds. We do not consider issues raised for the first time on appeal, unless a gross miscarriage of justice would otherwise occur or the new ground is so compelling as "virtually to assure appellant's success." Hernandez-Hernandez v. United States, 904 F.2d 758, 763 (1st Cir. 1990).
 
 
 4
 Appellant's new arguments fall well outside of this narrow exception. First, he challenges as unreliable hearsay certain testimony at his trial. We previously rejected the very same challenge on direct appeal, United States v. Seeley, 892 F.2d 1, 3-4 (1st Cir. 1989), so it will not be reviewed again on a § 2255 motion. Barrett v. United States, 965 F.2d 1184, 1190 (1st Cir. 1992).
 
 
 5
 Second, appellant argues that the trial judge was biased, leading her to impose a sentence "grossly disproportionate" to the sentencing guidelines. The guidelines were not in effect on the date appellant was sentenced and we have held squarely that, in a pre-guidelines case, the sentencing judge has plenary authority to treat the guidelines as extraneous surplusage. See United States v. Twomey, 845 F.2d 1132, 1134-35 (1st Cir. 1988). He cites no probative evidence for the claim of bias, but uses snippets of public information to conjure up a personal profile of the judge that is as irrelevant as it is unfounded. See Blizard v. Frechette, 601 F.2d 1217, 1221 (1st Cir. 1979) (there must be some reasonable factual basis to doubt the impartiality of the tribunal).
 
 
 6
 For the reasons stated the judgment below is affirmed.