USCA1 Opinion

 

 September 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1231 UNITED STATES, Appellee, v. EDWARD W. SEELEY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Edward W. Seeley on brief pro se. ________________ A. John Pappalardo, United States Attorney, and Brian T. Kelly, __________________ _______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant challenges the district __________ court's disposition of his motion under 28 U.S.C. 2255 and former Rule 35(a), Federal Rules of Criminal Procedure, to correct, modify or clarify his sentence. The district court vacated appellant's conviction on two counts which it found to be impermissibly repetitious of the remaining convictions, but left unchanged the total punishment time. Appellant complains that "more is owed to [him] than the symbolic emptiness provided." We affirm the district judge's disposition for substantially the same reasons as set forth in her opinion. In his notice of appeal, appellant assigned as error the district court's reliance on Judge Keeton's opinion in United States v. MacPherson, CR 87-34-K (May 10, 1991), ______________ __________ aff'd, 959 F.2d 230 (1st Cir. 1992) (table), calling _____ MacPherson an "obscure . . . unpublished case not available __________ to the public." There was no error in the citation. MacPherson involved one of appellant's codefendants, tried __________ separately but charged in the same indictment. The issues in Judge Keeton's opinion were directly related to those here. See Loc. R. 36.2(b)6 (stipulating that unpublished opinions ___ may be cited in related cases). Moreover, the argument calls into question appellant's good faith. In his memorandum below, appellant appended a copy of the MacPherson decision, __________ and urged the district court to follow its reasoning. Appellant also attempts on this appeal to attack his conviction and sentence on two new grounds. We do not consider issues raised for the first time on appeal, unless a gross miscarriage of justice would otherwise occur or the new ground is so compelling as "virtually to assure appellant's success." Hernandez-Hernandez v. United States, 904 F.2d ___________________ ______________ 758, 763 (1st Cir. 1990). Appellant's new arguments fall well outside of this narrow exception. First, he challenges as unreliable hearsay certain testimony at his trial. We previously rejected the very same challenge on direct appeal, United States v. ______________ Seeley, 892 F.2d 1, 3-4 (1st Cir. 1989), so it will not be ______ reviewed again on a 2255 motion. Barrett v. United States, _______ _____________ 965 F.2d 1184, 1190 (1st Cir. 1992). Second, appellant argues that the trial judge was biased, leading her to impose a sentence "grossly disproportionate" to the sentencing guidelines. The guidelines were not in effect on the date appellant was sentenced and we have held squarely that, in a pre-guidelines case, the sentencing judge has plenary authority to treat the guidelines as extraneous surplusage. See United States v. ___ ______________ Twomey, 845 F.2d 1132, 1134-35 (1st Cir. 1988). He cites no ______ probative evidence for the claim of bias, but uses snippets of public information to conjure up a personal profile of the judge that is as irrelevant as it is unfounded. See Blizard ___ _______ -3- v. Frechette, 601 F.2d 1217, 1221 (1st Cir. 1979) (there must _________ be some reasonable factual basis to doubt the impartiality of the tribunal). For the reasons stated the judgment below is affirmed. _________ -4-