56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 David Paul HOLTZ, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-3565
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 8, 1995
Filed: May 15, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Paul Holtz appeals the district court's[1] denial of his motion for a writ of error coram nobis correcting his sentence and his motion to vacate, set aside, or correct his sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 A jury found Holtz guilty of possessing and distributing hydromorphone, a controlled substance; using a telephone to facilitate distribution of a controlled substance; and conspiring to possess and distribute hydromorphone, in violation of 21 U.S.C. Secs. 841(a), 843(b) and (c), 846, and 18 U.S.C. Sec. 2. The district court sentenced Holtz under pre-Guidelines provisions to a fourteen-year term: ten years for possession and distribution and four years for use of the telephone. The district court suspended Holtz's sentence on the conspiracy conviction. See United States v. Holtz, No. 91-2614, slip op. at 2 (unpublished per curiam) (affirming conviction), cert. denied, 113 S. Ct. 147 (1992).
 
 
 3
 In his present motions, Holtz argued that he should have been sentenced under the Sentencing Guidelines, as a Guidelines sentence would be considerably shorter than the sentence he received. The conduct underlying his convictions occurred and was completed prior to November 1, 1987-the date the Sentencing Guidelines first took effect. Thus, the Guidelines do not apply. See Sentencing Act of 1987, Pub. L. 100-182, Sec. 2(a), 101 Stat. 1266 (1987); cf. United States v. Tharp, 892 F.2d 691, 692 (8th Cir. 1989) (Guidelines apply to conspiracies that "straddle" November 1, 1987). Further, Holtz has no constitutional or statutory right to sentencing under the Guidelines simply because the sentence as calculated under the Guidelines may be less severe than the sentence he received under pre-Guidelines discretionary sentencing. See United States v. Hayes, 929 F.2d 741 (D.C. Cir. 1991) (per curiam) (compiling cases from other circuits).
 
 
 4
 We also deny all of Holtz's motions on appeal as they are without merit.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa