USCA1 Opinion

 

 May 18, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2094 JOSE A. ORTIZ-CASANOVA, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Jose A. Ortiz Casanova on brief pro se. ______________________ Guillermo Gil, United States Attorney, and Salixto Medina-Malave, _____________ _____________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Jose A. Ortiz Casanova, acting __________ pro se, moved to vacate, modify or correct his sentence ___ __ pursuant to 28 U.S.C. 2255. Ortiz maintains that the district court erred in dismissing all his claims without conducting an evidentiary hearing concerning whether (1) the sentence imposed failed to take into account the Sentencing Reform Act of 1984, (2) the assessment of a $50,000 fine violated due process and equal protection of the law, (3) the plea-taking procedure was constitutionally defective, (4) his counsel was constitutionally inadequate, and (5) the government breached the plea agreement at sentencing. Assuming, without deciding, that these challenges are all cognizable in a 2255 proceeding, see Knight v. United ___ ______ ______ States, 37 F.3d 769, 772-74 (1st Cir. 1994), we find no error ______ and affirm. BACKGROUND On October 1, 1987, Ortiz and a co-defendant, the sole occupants of a boat found to contain 195 kilos of cocaine, were arrested. Subsequently, both were indicted on two counts of cocaine importation and distribution charges. See ___ United States v. Palmer-Contreras, 835 F.2d 15, 16 (1st Cir. _____________ ________________ 1987) (setting out background and affirming denial of pretrial bail). Ortiz petitioned to enter a plea of guilty to one count and executed a written plea agreement with the government. A change-of-plea hearing was held on January 26, 1988. The plea was accepted, and Ortiz was convicted of aiding and abetting the possession with intent to distribute cocaine under 21 U.S.C. 841(a)(1) and 18 U.S.C. 2, in violation of 1002 of the Anti-Drug Abuse Act of 1986 ("ADAA"), Pub. L. No. 99-570 (Oct. 26, 1986).1 On April 6, 1988, Ortiz was sentenced to twenty-five years imprisonment, five years of supervised release, a $50,000 stand-committed fine, and a $50 special assessment. After various motions by Ortiz for correction of sentence, the district court, on January 25, 1990, reduced his term of imprisonment to 18 years. Further motions to modify the sentence and fine were unsuccessful. Ortiz' direct appeal from conviction and sentence was ultimately dismissed by this court for lack of prosecution. (1) The Sentence. (1) ____________ Ortiz contends that he should have been sentenced according to the guidelines promulgated under the Sentencing Reform Act of 1984. The guidelines became operative on November 1, 1987 and, it is manifestly clear, apply only to offenses committed on or after that date regardless of the date of conviction or sentencing. Sentencing Act of 1987, Pub. L. No. 100-182 (Dec. 7, 1987); 18 U.S.C. 3551 note; see United States v. Twomey, 845 F.2d 1132, 1135 (1st Cir. ___ _____________ ______  ____________________ 1. The increased penalties, supervised release and no-parole provisions of the ADAA became effective upon enactment. Gozlon-Peretz v. United States, 498 U.S. 395, 401-09 (1991). _____________ _____________ -3- 1988); see also United States v. Metallo, 908 F.2d 795, 800 ___ ____ ______________ _______ (11th Cir. 1990). Because Ortiz was convicted of conduct that occurred in October 1987, the sentencing guidelines do not apply, and he was properly sentenced under pre-guidelines law. United States v. Richard, 943 F.2d 115, 120 (1st Cir. _____________ _______ 1991); United States v. Thomas, 895 F.2d 51, 58 (1st Cir. _____________ ______ 1990). There is no constitutional right to benefit from sentencing guidelines that put into effect lesser punishment levels for a crime after the offense was committed. See ___ United States v. Hayes, 929 F.2d 741, 742 (D.C.Cir. 1991). _____________ _____ Ortiz' argument that it is inconsistent to fix different effective dates for penalty provisions of the ADDA and the Sentencing Reform Act of 1984 was expressly rejected by the Supreme Court in Gozlon-Peretz v. United States, 498 U.S. _____________ _____________ 395, 405-09 (1991). Otherwise, Ortiz does not argue that the sentence imposed was not within statutory limits or constituted cruel and unusual punishment. See Richard, 943 ___ _______ F.2d at 120. The sentencing guidelines were never applicable to Ortiz and he was properly sentenced under the ADAA. (2) The Fine. (2) ________ Ortiz argues that the imposition of a stand-committed fine of $50,000 is unjustified and exorbitant because he is indigent. This claim is premature. Ortiz must first pursue available administrative remedies designed to evaluate inability to pay a fine, 18 U.S.C. 3569; Santiago v. United ________ ______ -4- States, 889 F.2d 371, 372-73 (1st Cir. 1989), and he is ______ without standing to contest his fine on indigency grounds until and unless the government seeks incarceration for nonpayment. See United States v. Levy, 897 F.2d 596, 598 ___ _____________ ____ (1st Cir. 1990). The mere existence of an outstanding penal liability does not violate an indigent prisoner's rights. United States v. Rivera-Velez, 839 F.2d 8 (1st Cir. 1988). _____________ ____________ (3) The Plea. (3) ________ Ortiz first maintains that the plea colloquy was defective because the court failed to determine that Ortiz, in entering the plea change, heavily relied on his attorney's representation that he would receive no more than a ten year sentence and would have to serve six years and eight months at most. However, the facts recited in Ortiz' 2255 memoranda, his attached affidavit, the plea petition, the parties plea agreement, and the declarations of Ortiz' attorney and his codefendant's attorney2 do not, overall, present enough evidence to overcome the presumed regularity of the plea proceeding. These record documents effectively contradict Ortiz' assertion that he was falsely assured by  ____________________ 2. Ortiz' complaints about his attorney are vague as to which attorney represented him. Early on, both defendants were represented by Abreu. It is clear that Lima assumed the representation of Ortiz about six weeks before the change of plea proceeding. Ortiz' affidavit indicates that both attorneys visited him, and, presumably, his codefendant, in prison prior to the plea change. -5- his attorney that a guilty plea would garner a lighter sentence. Ortiz next complains that he relied upon his attorney's representation that he would be eligible for parole after serving one-third of his sentence and that the court failed to reveal to him that his offense was nonparolable. Ortiz relies on Durant v. United States, 410 F.2d 689, 693 (1st ______ ______________ Cir. 1969), which held that a defendant must be informed of parole ineligibility. However, the 1974 Amendments to Fed. R. Cr. P. 11 make clear that, in accepting a plea of guilty, a court is not required to inform a defendant of the possible collateral consequences of a guilty plea such as statutory ineligibility for parole. Johnson v. United States, 650 F.2d _______ _____________ 1, 4 (1st Cir. 1981); see Rule 11(c)(1) Notes of Advisory ___ Committee on Rules; see also United States v. Fox, 941 F.2d ___ ____ _____________ ___ 480, 486 (7th Cir. 1991); United States v. Sanclemente- ______________ ____________ Bejarano, 861 F.2d 206, 209 (9th Cir. 1988). Ortiz' ________ assertion that no one mentioned parole ineligibility is patently inadequate to set aside his guilty plea on constitutional grounds. See United States v. Garcia, 698 ___ ______________ ______ F.2d 31, 33 (1st Cir. 1983) (due process not offended when parole eligibility advice omitted in plea-taking). (4) Ineffective Assistance. (4) ______________________ Ortiz charges that his attorney rendered ineffective assistance of counsel during the plea negotiation process by -6- misrepresenting to him his eligibility for parole. Specifically, Ortiz alleges that his lawyer induced him to plead guilty by telling him that he would be eligible for parole after serving approximately one-third of his sentence and that the sentence imposed would not exceed ten years. But for those representations, Ortiz insists that he would not have pleaded guilty. Challenges to guilty pleas based on allegations of ineffective assistance of counsel during the plea process are evaluated under the familiar two-pronged cause and prejudice test of Strickland v. Washington, 466 U.S. 668, 687-88, 694 __________ __________ (1984). Hill v. Lockhart, 474 U.S. 52, 58 (1985). The plea ____ ________ petition and plea agreement contradict Ortiz' belated assertions that he was assured a specific sentence, as do the attorneys' declarations that no promise, prediction or representation concerning parole eligibility or sentencing were made. Allegations based solely on counsel's inaccurate predictions about sentencing are insufficient to sustain an ineffective assistance claim. Knight v. United States, 37 ______ ______________ F.3d at 775; Worthen v. Meachum, 842 F.2d 1179, 1184 (10th _______ _______ Cir. 1988) (attorney's "bad guess" regarding parole does not render plea involuntary). Ortiz' unadorned factual allegation that his attorney misled him as to parole is simply inadequate to warrant an evidentiary hearing. Hernandez-Hernandez v. United States, 904 F.2d 758, 762 (1st ___________________ _____________ -7- Cir. 1990) (to obtain hearing, highly specific allegations usually accompanied by independent corroboration are required). Even if Ortiz could satisfy the cause prong of Strickland's test, he has failed to sufficiently allege that __________ he was prejudiced by the alleged error. Hill, 474 U.S. at ____ 60. To establish prejudice, Ortiz must show a reasonable probability that, armed with correct information, the outcome would have been different. Strickland, 466 U.S. at 694. __________ Ortiz' bare and conclusory statement that if he had known that his offense was nonparolable, he would not have pleaded guilty and would have gone to trial is insufficient to show prejudice. See Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. ___ ________ _____ 1994); Barker v. United States, 7 F.3d 629, 633 (7th Cir. ______ _____________ 1993); United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir. _____________ ______ 1990). Ortiz does not maintain that he was told he would be eligible for parole only if he pleaded guilty, nor has he otherwise indicated any "special circumstances" that might support a reasonable inference that parole was particularly important. Hill, 474 U.S. at 60. As Ortiz acknowledges, his ____ offense is nonparolable. Ortiz' misunderstanding as to parole eligibility appears equally applicable either to going to trial or pleading guilty. See Smith v. McCotter, 786 F.2d ___ _____ ________ 697, 703 (5th Cir. 1986); see also Wellman v. Maine, 962 F.2d ___ ____ _______ _____ 70, 73 (1st Cir. 1992). Since parole was not in play in -8- either eventuality, Ortiz "failed to allege the kind of prejudice from the allegedly incompetent advice of counsel that would have entitled him to a hearing." Hill, 474 U.S. ____ at 53. (5) Breach of Plea Agreement. (5) ________________________ Ortiz' last foray--that the government breached the plea agreement--is frivolous. Ortiz maintains that the government violated the letter and the spirit of the plea agreement by appending to the presentence report a letter indicating that the estimated wholesale value of the cocaine seized was between 6 and 6.5 million dollars. The government had a duty to bring all relevant conduct information to the court's attention, and, in so doing, did not violate the plea agreement. CONCLUSION Where, as here, a 2255 petition is presented to the judge who presided over all the prior proceedings, the judge may take into account the knowledge gleaned during the previous proceedings without convening an additional hearing. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). ______________ ______ The district court properly rejected Ortiz' motion for 2255 relief based upon the papers of record and the court's familiarity with the case. Id. at 225-26; Rule 4(b), Rules ___ Governing 2255 Proceedings. The judgment of the district court is affirmed. ________ -9-