## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    )
                                   )
                                   )  **Crim. No. 86-166 (TFH)**

      vs.                        )
                                   )
                                 )

**GUY Q. JOHNSON,**           )
                                 )
        Defendant.     )
                                 )

## MEMORANDUM OPINION

Pending before the Court is Mr. Johnson's *Pro Se* Motion to Correct an Illegal Sentence under Fed. R. Crim. P. 35. The Government opposes the motion, arguing that the Court should construe the motion as a *habeas* motion under 28 U.S.C. § 2255. After careful consideration of the parties' submissions and the record of this case, the Court allows Mr. Johnson's motion to continue under FRCrP 35 but **DENIES** the motion because his sentence was legal.

### I.    Background

Defendant was charged by indictment in this case with three counts of distribution of phencyclidine near a school and three counts of distribution of marijuana near a school in violation of 21 U.S.C. § 845(a). He was tried by jury on July 7, 1986 and July 8, 1986 with the Honorable Gerhard A. Gesell presiding. He was found guilty on all counts. On July 31, 1986, Judge Gesell sentenced defendant to 3 to 9 years imprisonment on each count, with the sentences to run concurrently, and to a 6 year "special parole" term. On March 23, 1987, defendant's convictions were affirmed on appeal.

Mr. Johnson filed this motion in September 2007. He argues—or at least suggests—that his sentence was illegal because (i) federal law did not allow for a minimum or maximum prison term of 3 or 9 years, respectively; (ii) although minimum and maximum sentences were available under D.C. law, "special parole" terms did not exist under D.C. law; and (iii) the Federal Sentencing Guidelines (the "Guidelines") should apply to his sentence, thus resulting in a lower sentence.

## II.    Analysis

The version of FRCrP 35 that existed on July 31, 1986—the date of Mr. Johnson's sentencing—provided that the Court "may correct an illegal sentence at any time." Mr. Johnson can rely on this old version. *See Baylor v. United States*, 314 F. Supp. 2d 47, 50 n.1 (D.D.C. 2004) ("Because the petitioner's sentencing occurred in 1997, the court applies Rule 35 as it existed in 1997.") (citing *United States v. Arrous*, 320 F.3d 355, 359 (2d Cir. 2003) (applying an old version of Rule 35 when the defendant's sentencing predated the effective date of recent amendments)); *United States v. Jones*, Crim. No. 85-412 (JHG), 1993 U.S. Dist. LEXIS 10144, at *15 (D.D.C. July 20, 1993) (applying the 1986 version of Rule 35 because defendant was sentenced in that year), *vacated on other grounds, United States v. Jones*, No. 93-3174, 1996 U.S. App. LEXIS 4611 (D.C. Cir. Feb. 21, 1996). Thus, the Court may correct an "illegal sentence" under the applicable 1986 version of FRCrP 35.

Next, Mr. Johnson appears to properly state a claim that his sentence was "illegal" within the meaning of Rule 35 (1986). A sentence is illegal for the purposes of former Rule 35 if it was, for example, "in excess of that prescribed by the relevant statutes . . . [or] the terms of the sentence itself [were] legally or constitutionally invalid in any other respect." *Hill v. United States*, 368 U.S. 424, 430 (1962). Construing this *pro se* motion liberally, Mr. Johnson appears to argue that his sentence

was "in excess" of what the statutes allowed or was otherwise "legally . . . invalid." Thus, Mr. Johnson makes a proper claim under FRCrP 35 (1986).

But Mr. Johnson's sentence was legal. On July 31, 1986, 21 U.S.C. § 845(a) provided that Mr. Johnson was "subject to (1) twice the maximum punishment authorized by section 401(b) [21 U.S.C. § 841(b)], and (2) at least twice any special term parole authorized by section 401(b) . . . ." Then-21 U.S.C. § 841(b)(1)(B), which dealt with distribution of Schedule I and II drugs (which included phencyclidine) provided a maximum prison sentence of 15 years with a 3-year minimum special parole term. Then-21 U.S.C. § 841(b)(1)(C), which addressed, among other things, cases involving "less than 50 kilograms of marijuana" provided a maximum prison sentence of 5 years and a minimum special term of 2 years. The Counts regarding marijuana involved less than 50 kilograms of marijuana. *See* Presentence Report 2–3. Thus, under 21 U.S.C. § 845(a) (1986), Mr. Johnson's maximum possible prison sentence was 30 years and he was also subject to a 6-year minimum special parole term. *See id.* at 1A. Mr. Johnson's sentence of 3 to 9 years imprisonment with a 6-year special parole term falls within that statutory range and is therefore legal.

The indeterminate nature of Mr. Johnson's sentence was also legal. Before the Federal Sentencing Guidelines became active in November 1987, federal sentences were subject to an indeterminate sentencing regime. In 1986, 18 U.S.C. § 4205(b) stated, in pertinent part:

> (b) Upon entering a judgment of conviction, the court . . . may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the [U.S. Parole] Commission may determine."

The Court sentenced Mr. Johnson to a minimum of 3 years in prison, which was not more than one-third of the maximum sentence imposed of 9 years. The indeterminate nature of the sentence and the manner in which it was executed were therefore legal.

Mr. Johnson's suggestion that the Guidelines should apply to his sentence also fails. "As all the other courts of appeals to have addressed the issue agree . . . the Sentencing Guidelines apply only to criminal offenses committed on or after November 1, 1987." *United States v. Hayes*, 929 F.2d 741, 741 (D.C. Cir. 1991). Further, "'[t]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed.'" *Id.* at 742 (quoting *United States v. Haines*, 855 F.2d 199, 200 (5th Cir. 1988)). Mr. Johnson's criminal conduct for which he was sentenced occurred before November 1, 1987—indeed he was sentenced before that date. Thus, Mr. Johnson cannot rely on the Guidelines.

Mr. Johnson's reliance on D.C. sentencing statutes is misplaced because he was sentenced under federal law, and the federal statutes under which he was sentenced allowed the terms imposed.

Thus, Mr. Johnson's motion is **DENIED**. An appropriate Order will accompany this Memorandum Opinion.

**SO ORDERED.**

January 11, 2011

_____
Thomas F. Hogan
UNITED STATES DISTRICT JUDGE

*Copies To:*

GUY Q. JOHNSON
Reg. No. 09543-016
CI RIVERS CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986-0630