# IN THE COURT OF APPEALS OF IOWA

No. 18-1869
Filed November 6, 2019

**STEPHEN ANDREA MARKS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.


    Applicant appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**


    Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee State.


    Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

In 2013, Stephen Marks was convicted of second-degree robbery. *See* Iowa Code §§ 711.3, 902.12(5) (2013). At the time, Iowa Code section 902.12 provided that a person convicted of second-degree robbery "shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence." Marks was sentenced to fifteen years in prison with a seventy percent mandatory minimum.[1]

In 2016, the legislature amended Iowa Code section 902.12(3) to state:

> A person serving a sentence for a conviction for robbery in the second degree in violation of section 711.3 for a conviction *that occurs on or after July 1, 2016*, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence . . . .

(Emphasis added.)

That September, Marks filed this postconviction-relief (PCR) action. He contends the 2016 amendment must be applied retroactively to his 2013 conviction. The district court disagreed and dismissed Marks's application. Marks now appeals.

Marks argues failure to apply the amendment retroactively violates his due process rights, violates his equal protection rights, and constitutes cruel and

---

[1] Originally, Marks was sentenced to fifteen years with a three-year mandatory minimum. He directly appealed arguing his sentence was illegal. *State v. Marks*, No. 13-1051, 2014 WL 1495023, at *1 (Iowa Ct. App. Apr. 16, 2014). The State also argued the sentence was illegal because the seventy percent mandatory minimum was not imposed. *Id.* This court vacated the sentence and remanded for resentencing to impose the "correct mandatory minimum." *Id.*

unusual punishment.[2]  We review these constitutional claims de novo.  *Clayton v. Iowa Dist. Ct.*, 907 N.W.2d 824, 826 (Iowa Ct. App. 2017).

Following our de novo review, we conclude the district court properly denied relief.  "We afford broad deference to the legislature in setting the penalties for criminal conduct and in determining when the penalties are to go into effect."  *Id.* at 828.  Marks has not cited, and we have not found, any case suggesting we must disregard the legislature's plain words, which expressly limit the effect of the 2016 amendment to "a conviction that occurs on or after July 1, 2016."  Indeed, it appears there is "no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed."  *U.S. v. Haines*, 855 F.2d 199, 200 (5th Cir. 1988); *see, e.g.*, *Dixon v. Iowa Dist. Ct.*, No. 17-0369, 2018 WL 1182529, at *3 (Iowa Ct. App. Mar. 7, 2018) (holding "the prohibition against cruel and unusual punishments set forth in the federal and state constitutions does not require retrospective application of the ameliorative sentencing provision set forth in [Iowa] Code section 902.12(3) to those convictions occurring before July 1, 2016"); *Clayton*, 907 N.W.2d at 828 (finding a plaintiff convicted in 2010 was not "similarly situated to those persons not-yet convicted of robbery in the first or

---

[2] Marks also asserts "he should have the benefit of consideration of a lessened mandatory minimum because the statute should be held to be retroactive."  To the extent he is raising a statutory-construction argument, we find error has not been preserved.  The district court below did not rule on that issue.  Therefore, we decline to address that claim.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised *and decided* by the district court before we will decide them on appeal." (Emphasis added.)).  Moreover, Marks concedes the language of the statute expressly states the amendment applies prospectively only.

second degree as of July 1, 2016" and concluding there was no equal protection violation).

We affirm the denial of Marks's PCR application without further opinion. Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**