**UNITED STATES of America, Plaintiff,**

v.

**Lawrence M. COOPER, Defendant.**

**No. 87 CR 424.**

United States District Court,
N.D. Illinois, E.D.

May 24, 1988.

Anton R. Valukas, U.S. Atty. by Jeffrey E. Stone, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Lawrence M. Cooper, Chicago, Ill., pro se.

ORDER

BUA, District Judge.

After defendant Lawrence Cooper pled guilty to charges of embezzlement, check kiting, and mail fraud, this court sentenced Cooper to eight years in prison and five years probation. In addition, the court ordered Cooper to pay $350,000 in restitution to one of his victims. Cooper now moves to reduce his sentence pursuant to Fed.R. Crim.P. 35. Citing the language of a particular provision of the Sentencing Reform Act of 1984, Pub.L. 98–473, 98 Stat. 1837, 1987 (1984), Cooper contends that the court should have sentenced him in accordance with the recently promulgated Sentencing Guidelines. He also claims that a number of previously unconsidered mitigating factors justify a reduction of his sentence. Having considered Cooper's arguments, this court denies his motion for reduction of sentence.

I. *Sentencing Guidelines*

When the Sentencing Guidelines took effect on November 1, 1987, Cooper had already perpetrated and pled guilty to the criminal acts for which he would ultimately be sentenced. Consequently, when imposing Cooper's sentence on November 25, 1987, this court did not take the Guidelines into consideration. Cooper now claims that the court should have applied the Guidelines when sentencing him, and that (by his calculations) the Guidelines would dictate a much less severe sentence for his offenses.

With respect to the Guidelines' applicability, Cooper bases his rather clever argument on the following provision of the Sentencing Reform Act of 1984:

The court, in determining the particular sentence to be imposed, shall consider—

. . . .

(4) the kinds of sentence and the sentencing range established for the applica-

ble category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and *that are in effect on the date the defendant is sentenced.* 18 U.S.C. § 3553(a) (Supp.1985) (emphasis added). From the language of this provision, Cooper draws a quite reasonable conclusion: If the Guidelines are in effect on the date of sentencing, then the defendant's sentence should comport with the Guidelines. Cooper received his sentence several weeks after the Guidelines became law. Therefore, he reasons, the court should have sentenced him in accordance with the Guidelines.

The language of 18 U.S.C. § 3553(a)(4) lends credence to Cooper's contention that Congress designed the 1984 Act to shape the punishments of all defendants sentenced after the Guidelines' effective date. The government, however, makes an even more plausible argument that Congress never meant for the new sentencing law to apply to criminal conduct completed before the Guidelines took effect. Regarding the timing of the Guidelines' application, Congress made its intent perfectly clear in the legislative report that accompanied the Sentencing Reform Act of 1984: "As to an offense committed prior to the effective date [of the Guidelines], the preexisting law will apply as to all substantive matters *including the imposable sentence.*" S.Rep. No. 98–225, 98th Cong., 2d Sess. 189, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3372 (emphasis added); *see also United States v. Byrd,* 837 F.2d 179, 181 (5th Cir.1988) (legislative history clearly indicates that sentencing reforms apply only to offenses occurring on or after the Guidelines' effective date). Unfortunately, the 1984 Act itself did not articulate Congressional intent as lucidly as the Senate Report did. Acting swiftly to clarify the new law, Congress amended the 1984 Act with the passage of the Sentencing Act of 1987. Section 2(a) of the 1987 Act expressly limits application of the Guidelines to crimes committed after the Guidelines took effect. Pub.L. 100–182, § 2(a), 101 Stat. 1266 (1987).

Cooper claims that the 1987 Act, which Congress enacted on December 7, 1987, does not affect his case. He asserts that the 1987 amendments have no retrospective effect. Therefore, based on Cooper's interpretation of the new sentencing law, the federal courts should have applied the Guidelines to all defendants sentenced between November 1, 1987 and December 7, 1987. Cooper's argument proves too much. Under his proposed scenario, a defendant who committed crimes before the Guidelines took effect could receive a harsher sentence under the Guidelines than he would have received under past sentencing standards. Thus, Cooper's statutory interpretation would leave the Guidelines vulnerable to constitutional attack under the *ex post facto* clause—precisely the sort of attack that Congress sought to preclude when it adopted § 2(a) of the 1987 Act. *See* Cong.Rec. H10021 (daily ed. November 16, 1987) (remarks of Cong. Fish); *id.* at H10017 (section-by-section analysis). In light of Congressional efforts to avert a constitutional dilemma, it seems highly unlikely that Congress intended for the Guidelines to apply to *any* defendants whose crimes occurred before the Guidelines took effect.

If adopted, Cooper's reading of the sentencing law would resurrect the *ex post facto* spectre that Congress has attempted to exorcise. Given this potential constitutional problem, this court cannot accept Cooper's interpretation of the statute. When a proposed statutory construction would expose a statute to constitutional challenge, the courts have routinely rejected such a construction in favor of a plausible alternative interpretation. 2A J. Sutherland, Statutory Construction § 45.11 (4th rev. ed. 1984). In keeping with this settled principle of statutory interpretation, this court adopts the government's position that the Guidelines apply only to crimes committed on or after November 1, 1987. Because Cooper completed his criminal activities before that date, he is not entitled to resentencing under the Guidelines.

## II. *Mitigating Factors*

■ Cooper also urges this court to exercise its discretion under Rule 35 to reduce

his sentence. He bases his plea on several mitigating factors that he claims the court has not yet considered. In fact, most of the factors mentioned in Cooper's motion—the plight of his family, his feelings of remorse, his cooperation with the government, and his inability to pay restitution while in prison—received full consideration at his sentencing hearing. Cooper claims that his motion "clarifies" these factors; but the motion reveals nothing new about these factors that would warrant reduction of his original sentence.

Cooper's motion presents only one new mitigating factor for the court's consideration—his exemplary conduct during his first months in prison. Such admirable behavior will undoubtedly enhance Cooper's chances for parole; but his present conduct does nothing to undermine the underlying rationale for Cooper's sentence. As a member of the U.S. Panel of Trustees for the Northern District of Illinois, Cooper wantonly violated the public trust by employing a complex fraudulent scheme to embezzle over $2 million. By imposing a severe sentence on Cooper, this court sought to send a message to the bankruptcy bar that fiduciaries who blatantly breach their duties will suffer grave legal consequences. The court sees no reason to attenuate this message simply because Cooper is a model prisoner.

### CONCLUSION

For the foregoing reasons, this court denies Cooper's motion for reduction of sentence.

IT IS SO ORDERED.