**UNITED STATES of America, Plaintiff,**

**v.**

**Gustavo CHAVERRA–CARDONA, Defendant.**

**No. 87 CR 340–1.**

United States District Court, N.D. Illinois, E.D.

Dec. 11, 1989.

**1460**

Ira H. Raphaelson, U.S. Atty. by Thomas J. Scorza, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Gustavo Chaverra–Cardona, pro se.

## ORDER

BUA, District Judge.

After a jury convicted Gustavo Chaverra–Cardona of conspiracy and solicitation to murder Assistant United States Attorney Ruben Castillo and government witness Fanny Altamirano, this court sentenced Chaverra to life imprisonment. Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, Chaverra now moves for a reduction of his sentence.

■ To this day, Chaverra adamantly disavows any participation in the conspiracy and solicitation to commit murder. Considering all of the evidence, including the testimony of Chaverra himself, the jury reached a contrary conclusion. On appeal, the Seventh Circuit found ample support for the jury's verdict. *See United States v. Chaverra–Cardona*, 879 F.2d 1551, 1555 (7th Cir.1989). Incredibly, Chaverra urges this court to reduce his sentence because the conspiracy was unsuccessful and "no one suffered any harm." Were it not for the fact that the conspiracy was thwarted after being infiltrated by the government, however, the intended victims may not have been so fortunate. "The crimes of conspiracy and solicitation to murder a government prosecutor are gravely serious offenses, and the fact that the scheme did not succeed does not lessen Chaverra's culpability." *Id.* at 1556. Despite Chaverra's reference to the plight of his family, his plea does not provide any new factors which justify a reduction of his sentence.

■ Besides his unpersuasive declaration of innocence, Chaverra also takes the position that he should have been sentenced under the Federal Sentencing Guidelines (and that the Guidelines would prescribe a less severe sentence). The crimes for which he was convicted occurred prior to November 1, 1987—the effective date of the Guidelines. Consequently, this court did not apply the Guidelines when sentencing Chaverra on November 18, 1987. Relying on the legislative history behind the Sentencing Reform Act, Chaverra claims that the Guidelines apply to individuals sentenced after November 1, 1987—even if the criminal acts were completed prior to that date. Yet the very legislative report upon which Chaverra relies for support directly contradicts his contention. That report states that the Guidelines "apply to any offense or other event occurring on or after the effective date.... As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters *including the imposable sentence.*" S.Rep. No. 98–225, 98th Cong., 2d Sess. 189, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3372 (emphasis added). Indeed, the argument put forth by Chaverra has not only been previously considered and rejected by this court, see *United States v. Cooper*, 685 F.Supp. 179, 180 (N.D.Ill.1988), but by the Seventh Circuit as well. *See United States v. George*, 891 F.2d 140, 143 (7th Cir.1989); *United States v. Stewart*, 865 F.2d 115, 117–18 (7th Cir.1988). "Congress' clear intent was that the [Sentencing Reform Act] would not apply to sentencing for offenses committed prior to its November 1, 1987 effective date." *Stewart*, 865 F.2d at 116. Because Chaverra committed the criminal offenses prior to November 1, 1987, the Sentencing Guidelines are not applicable to this case.

Based on the foregoing reasons, this court denies Chaverra's motion for reduction of sentence.