70 F.3d 1275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John F. ROSCH, Defendant-Appellant.
 No. 94-2888.
 United States Court of Appeals, Seventh Circuit.
 Submitted Without Oral Argument June 12, 1995.
Decided Nov. 20, 1995.
 
 1
 Before POSNER, Chief Judge, COFFEY, Circuit Judge, and WILLIAMS, Senior District Judge.*
 
 ORDER
 
 2
 Defendant John Rosch appeals the district court's denial of his motions to correct his sentence under Fed.R.Crim.P. 35(a), to reduce his sentence under Rule 35(b), for appointment of counsel during sentencing and for disqualification of the district court judge for bias or prejudice. For the reasons expressed below, we AFFIRM.
 
 I. Background
 
 3
 On September 20, 1990, Rosch was indicted on twenty-eight counts of criminal misconduct in connection with his activities as president and chief operating officer of Glen Ellyn Savings & Loan Association. Three days into his trial, Rosch pled guilty to one count of violating the Racketeer Influenced Corrupt Organization Act ("RICO") and to one count of embezzling $100,000 in bank funds. In exchange for Rosch's guilty plea, the government agreed to dismiss the remaining counts against him. Rosch was sentenced to nine years in prison and a $2 million fine on the RICO charge, and five years of probation, 500 hours of community service, and a $100,000 fine on the embezzlement charge.
 
 
 4
 Subsequently, Rosch filed a habeas corpus petition in the District of Wisconsin which was denied, and two direct appeals challenging his conviction and sentence. We consolidated the three actions on appeal and affirmed the district courts' decisions in all respects in United States v. Rosch, 92-2164, 92-2826, 92-3940, Unpub. Order (7th Cir. Dec. 21, 1993).
 
 
 5
 After the Supreme Court denied Rosch's petition for a writ of certiorari, he filed several more motions in district court attacking his sentence. The district court denied all of these motions, and Rosch now appeals to this Court again.
 
 II. Analysis
 
 6
 Rosch raises four issues in this appeal: (1) whether the district court improperly denied his motion to correct his sentence under Fed.R.Crim.P. 35(a); (2) whether the district court improperly denied his motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b); (3) whether the district court erred by denying his motion for appointed counsel during sentencing; and (4) whether the district court erred by denying his request for disqualification of Judge Nordberg for bias pursuant to 28 U.S.C. Sec. 144. We will address each issue in turn.
 
 
 7
 A. The District Court Properly Denied Rosch's Motion to Correct his Sentence Under Fed.R.Crim.P. 35(a)
 
 
 8
 The pre-1991 version of Fed.R.Crim.P. 35(a), which applies to offenses committed before November 1, 1987, provides that the court may "correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [120 days]." The purpose of this rule is not to reexamine errors occurring at trial or during other proceedings prior to the imposition of sentence. Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). Rather, Rule 35(a) assumes a valid underlying conviction and provides a procedure to bring an illegal sentence into conformity with the law. Gilinsky v. United States, 335 F.2d 914, 916 (9th Cir.1964); United States v. Makres, 741 F.Supp. 727, 733 (N.D.Ill.1990), aff'd 937 F.2d 1282 (7th Cir.1991). In ruling on a Rule 35(a) motion, facts outside the sentencing record may not be considered; to do so would transform the motion into a collateral attack on the sentence that properly should be brought under 28 U.S.C. Sec. 2225. Makres, 741 F.Supp. at 733. Semet v. United States, 422 F.2d 1269, 1271 (10th Cir.1970); Johnson v. United States, 334 F.2d 880, 883 (6th Cir.1964), cert. denied, 380 U.S. 935 (1964).
 
 
 9
 In his motion to the district court, Rosch asserted numerous grounds for correcting his sentence pursuant to Rule 35(a). The district court denied the motion because it found that all of Rosch's grounds had been addressed and rejected by this Court in Rosch's direct appeal.
 
 
 10
 We do not find any error in the district court's decision. Although our previous opinion denying Rosch's direct appeal did not explicitly reject all of the arguments made in his Rule 35(a) motion, none of the remaining arguments demonstrate that Rosch's sentence was illegal or was imposed in an illegal manner. Those arguments include: (1) the district court's refusal to conduct a hearing on Rosch's Rule 35(a) motion; (2) ineffectiveness of Rosch's appeals counsel; (3) perjury by government witnesses during the sentencing hearing; (4) "complete failure of the fact-finding process at every stage of the correctional process"; (5) breach of the plea agreement by the government; (6) errors in the pre-sentence investigation report ("PSI"); and (7) denial of Rosch's opportunity to present evidence at his sentencing hearing. We will address each argument in turn.
 
 
 11
 As far as Argument One is concerned, due process does not automatically confer the right to a hearing on every motion submitted to the district court. Potter v. United States, 317 F.2d 661, 662 (8th Cir.1963). In fact, given that a Rule 35(a) motion is not a collateral attack on Rosch's conviction, "[s]uch motions ordinarily do not require the opportunity for an oral submission." United States v. Foss, 501 F.2d 522, 529 (1st Cir.1974). Here, the district court was well aware of Rosch's grounds for requesting correction of his sentence. Rosch's protestations during prior proceedings, as well his voluminous written submissions, amply informed the court of the basis for his objections. Therefore, the district court committed no error by refusing to hold an evidentiary hearing.
 
 
 12
 Arguments Two and Three are not legitimate because they concern matters that are entirely outside the sentencing record. Rosch's claim of ineffective assistance of counsel is based on wholly extraneous allegations that Rosch's counsel did not consult with his client enough and refused to make all the arguments Rosch suggested. This claim has nothing to do with the legality of Rosch's sentence as defined in Rule 35(a). Likewise, Rosch's allegations of perjury by a government witness at the sentencing hearing are based upon supposed newly discovered evidence, none of which was before the district court during sentencing. Both of these matters should properly be raised in a petition pursuant to 28 U.S.C. Sec. 2225, not in a Rule 35(a) motion. Makres, 741 F.Supp. at 733; See also, Page v. United States, 884 F.2d 300, 301-02 (7th Cir.1989) (claim for ineffective assistance of appellate counsel is properly raised under 28 U.S.C. Sec. 2225). Rosch has such a petition currently pending before the district court.
 
 
 13
 Argument Four, involving alleged errors in the district court's factual findings, does not demonstrate that Rosch is suffering from an illegal sentence either. We have already determined in Rosch's direct appeal that the district court's findings during Rosch's sentencing hearing were "adequate and timely." Rosch, Unpub. Order at 23-24. Furthermore, any lack of specificity in the district court's factual findings resulted from Rosch's own abuse of his right to object. During the sentencing hearing, Rosch asserted his innocence, challenged the pre-sentence report in its entirety, and attempted to contradict testimony that had been given at trial. See Rosch, Unpub. Order at 6. In a situation such as this, Rosch constructively waived his right to specific findings of fact. See United States v. Aleman, 832 F.2d 142, 145 (11th Cir.1987) (the court has no obligation to make specific factual findings on challenge of pre-sentence report unless the defendant asserts his objections "with specificity and clarity"); United States v. Hurtado, 846 F.2d 995, 995 (5th Cir.1988) (same), cert. denied, 488 U.S. 863 (1988).
 
 
 14
 Nor is Argument Five valid. Rosch alleges that the government breached its plea agreement when it filed a motion to preclude a hearing on Rosch's objections to the PSI. However, even if this did constitute a breach, Rosch suffered no resulting harm since the district court refused the government's request and held a five day hearing on Rosch's objections.
 
 
 15
 Argument Six, concerning purported errors in the PSI, is insufficient as well. We resolved this issue in our earlier unpublished order, stating that the district court made adequate findings of fact during the sentencing hearing and sentenced Rosch based on accurate evidence. Rosch, Unpub. Order at 23-24. The mere fact that our earlier opinion did not reject each of Rosch's multitude of challenges to the PSI by name does not mean that they were left unresolved.
 
 
 16
 Finally, Argument Seven, Rosch's assertion that he was denied the opportunity to present evidence at his sentencing hearing, is completely unsupported by the record. Rosch's sentencing hearing lasted six days, during which the judge granted him great latitude in presenting relevant evidence. His failure to introduce additional documentation or to call any witnesses other than himself was his own choice. See Rosch, Unpub. Order at 7.
 
 
 17
 In sum, none of Rosch's arguments raise any legitimate suggestion that he is suffering either from an illegal sentence or from a sentence that was imposed in an illegal manner. The district court was correct to deny Rosch's Rule 35(a) motion.
 
 
 18
 B. The District Court Did Not Err By Denying Rosch's Motion to Reduce His Sentence Under Fed.R.Crim.P. 35(b)
 
 
 19
 Rosch has also appealed the district court's denial of his motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b).
 
 
 20
 A Rule 35(b) motion for reduction of sentence is essentially a plea for leniency. United States v. Cotton, 586 F.Supp. 199, 200 (E.D.Wis.1983). The court has almost unlimited discretion under Rule 35(b) to reduce a sentence, and its ruling will not be disturbed except for clear abuse of discretion. Id; United States v. Warren, 610 F.2d 680, 683-84 (9th Cir.1980).
 
 
 21
 Here, the district court did not abuse its discretion in denying Rosch's Rule 35(b) motion. None of the numerous reasons that Rosch asserted in his motion to the district court are sufficient to justify reducing his sentence. First of all, with respect to those arguments that Rosch also made in his Rule 35(a) motion, those objections to his sentence were already resolved in our earlier order, Rosch, Unpub. Order, and in Section A., supra. Having determined that these arguments were not sufficient under Rule 35(a), they are not viable under Rule 35(b) either.
 
 
 22
 Second, there was no error in the district court's refusal to reduce Rosch's sentence due to the two new grounds asserted in his motion: (1) his exemplary conduct while imprisoned and; (2) the hardship his sentence has caused his family. See, e.g., U.S. v. Cooper, 685 F.Supp. 179, 180-81 (N.D.Ill.1988), aff'd 869 F.2d 1495 (7th Cir.1988), cert. denied, 490 U.S. 1051 (1989) (commenting that although the defendant's "admirable behavior [in prison] will undoubtedly enhance [his] chances for parole ... [it] does nothing to undermine the underlying rationale for [his] sentence."); U.S. v. Finley, 783 F.Supp. 1123, 1125 (N.D.Ill.1991) (refusing to reduce the defendant's ten year sentence to less than eight years despite his wife's terminal breast cancer).
 
 
 23
 C. The District Court Did Not Err in Denying Rosch's Request for Appointment of Counsel to Challenge his Sentence
 
 
 24
 The Criminal Justice Act, 18 U.S.C. Sec. 3006A(a)(2), authorizes a district court to appoint counsel for a defendant seeking to attack the length of his sentence where the defendant is financially eligible and the interests of justice so require. The burden of proof to show financial need under this statute lies with the defendant. United State v. Bauer, 956 F.2d 693, 694 (7th Cir.1992). The district court's decision to deny appointment of counsel will not be reversed unless clearly erroneous. United States v. Sarsoun, 794 F.2d 1195, 1201 (7th Cir.1987) ("It is not enough to claim inability to hire a lawyer and back up the claim with an affidavit; the statute provides for 'appropriate inquiry' into the veracity of that claim").
 
 
 25
 In this case, Rosch submitted an affidavit in support of his request for appointment of counsel stating the following: (1) he was currently imprisoned; (2) his prison job paid him $36 per month; 3) he had current liabilities of $2,100,000 in fines and restitution; and 4) his assets were only $43,300. The district court found that due to Rosch's previous record of hiding assets, he had failed to demonstrate financial need for appointed counsel. Specifically, the district court referred to a finding made by Rosch's probation officer in 1992 that if all the property transfers Rosch had made to his wife were considered, he would have a net worth of nearly $800,000, and a combined monthly cash flow of $6,966. We affirmed these findings on direct appeal. Rosch, Unpub. Order at 18. The district court further noted that since Rosch's wife had recently died, he would be in a position to inherit some, if not all, of these assets.
 
 
 26
 We find that the district court's denial of Rosch motion for appointment of counsel was not clearly erroneous. Rosch simply failed to meet his burden of showing that he was financially eligible for appointment of counsel. The district court reasonably determined that Rosch's affidavit detailing his purported lack of assets was insufficient to overcome his previous record of hiding and transferring assets for fraudulent purposes. In order to meet his burden of demonstrating financial need, Rosch would have had to, at the very least, make an attempt to explain what happened to the approximately $800,000 in assets he transferred to his wife over the years to avoid creditors.
 
 
 27
 D. The District Court Did not Err in Denying Rosch's Request for Disqualification of Judge Nordberg pursuant to 28 U.S.C. Sec. 144
 
 
 28
 To be legally sufficient, an affidavit seeking to disqualify a judge pursuant to 28 U.S.C. Sec. 144 must set forth facts that would cause a reasonable person to question the judge's impartiality. United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir.1985), cert. denied, 475 U.S. 1095 (1986). Moreover, the facts must demonstrate either: (1) that the judge's bias is based on knowledge acquired outside the judicial proceedings, or; (2) that the judge's statements, conduct and/or rulings display such deep-seated antagonism that fair judgment is rendered impossible. Liteky v. United States, --- U.S. ----, 114 S.Ct. 1147, 1155-1158, 127 L.Ed.2d 474 (1994). Under this standard, judicial rulings alone almost never constitute a valid basis for recusal "because ... [i]n and of themselves ... they ... can only in the rarest of circumstances evidence the degree of favoritism or antagonism required." Id.; see also, United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).
 
 
 29
 Here, Rosch asserts that Judge Nordberg should have recused himself because of his prejudice against Rosch and his "prediliction [sic] to rule in favor of the government--even if the logic employed is perverse ... or if the factual basis is bogus." Rosch also asserts that during trial Judge Nordberg undertook the role of the "government's chief (and only) witness, as well as the role of the prosecutor, and functioned as the trier of fact and as the judge." Rosch's sole evidence of this purported prejudice is that he received a harsher sentence than any of his co-defendants.
 
 
 30
 We find Rosch's asserted reasons to be insufficient to justify recusal of Judge Nordberg. We rejected very similar arguments when denying Rosch's Petition for a Writ of Mandamus. See In re John P. Rosch, 95-1166, Unpub. Order (7th Cir. Mar. 1, 1995). There is no evidence of either extra-judicial bases for Judge Nordberg's decisions, or any deep-seated antagonism towards Rosch. Rosch's heavier sentence can be explained by his high degree of involvement in the fraud, and the fact that he was the only defendant to refuse to cooperate and to insist on proceeding to trial.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The Honorable Spencer Williams, District Judge of the United States District Court for the Northern District of California, is sitting by designation